W. A. ZACKARY, *Plaintiff in Error*, v. LEE MORRIS, AS SHERIFF OF VOLUSIA COUNTY, STATE OF FLORIDA, *Defendant in Error*.

### Opinion Filed August 11, 1919.

Chapter 8203, Acts of 1919, regulating the use of improved highways in Volusia County does not unlawfully delegate legislative powers to the county commissioners, or confer upon the county commissioners an unlimited discretion in executing the statute.

A Writ of Error to the Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Judgment affirmed.

*Stewart & Stewart* and *Davis & Giles*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General; *W. W. Trammell*, Assistant, and *Landis, Fish & Hull*, for Defendant in Error.

WHITFIELD, J.—Plaintiff in error was taken in custody under a warrant charging that on June 14th, 1919, in Volusia County, "W. A. Zackary did then and there operate a motor vehicle, to-wit, a truck, along and over an improved highway, of said Volusia County, of a greater maximum weight than five (5) tons, including weight of vehicle and load combined, without first having obtained a written permit from the Board of County Commissioners of said Volusia County, contrary to" the statute. On writ of habeas corpus before the Circuit Judge, issued upon allegations that the statute is invalid, the petitioner was remanded. Writ of error was allowed and taken. The contention is that there is an unlawful attempt to delegate legislative powers to the County Commissioners, in the statute approved May 29, 1919, to take effect upon its approval, the material portions of the enactment being as follows:

"AN ACT defining what are improved highways in the County of Volusia in the State of Florida; making regulations for the protection of said highways; prescribing the weight of vehicles that may be used and the speed at which they may be operated on said highways; and fixing a penalty for the violation of this Act.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. Improved highways in the County of Volusia in the State of Florida are defined to be all highways in said County constructed of brick, asphalt, cement, shell or other hard surfaced material.

"Section 2. It shall be unlawful for any person, firm or corporation to operate any motor vehicle along, on or

over any of the improved highways of Volusia County, as defined in Section 1 of this Act, of a greater maximum weight than five (5) tons, including weight of vehicle and load combined, unless the owner or operator thereof shall have first obtained a written permit from the Board of County Commissioners of said County, which permit shall name and direct the roads over which said motor vehicle may be operated, and shall contain any other safe guards which the said Board of County Commissioners may deem best for the protection of said highways.

"Section 3.  It shall be unlawful for any person, firm or corporation to operate any metal tired vehicle moved, or trailer drawn by motor power, along, on or over any of the improved highways of Volusia County.

"Section 4.  That immediately upon the application of any person, firm or corporation desiring to operate any motor vehicle of a maximum weight of five (5) tons, or more, including weight of vehicle and load combined, over the improved highways of Volusia County, it shall be the duty of the Board of County Commissioners of said County, to fix an indemnity bond in a reasonable sum, to be furnished by said applicant, payable to the said County, which said bond must be furnished by the said applicant, before a permit to use said roads shall issue.

"Section 5. .  It shall be unlawful for any motor vehicle of a maximum weight of five (5) tons, or more, including weight of vehicle and load combined, to be operated over the improved highways of Volusia County at a greater rate of speed than ten (10) miles per hour.

"Section 6.  It shall be the duty of the Sheriff or any Deputy Sheriff or Constable of Volusia County, on complaint of the Board of County Commissioners of said

County, to enforce the provisions of this Act, for which services they shall receive the usual fees.

"Section 7. That any person violating any of the provisions of this Act shall be guilty of a misdemeanor, and shall be punished as prescribed by law."

The contention that Sections 2 and 4 of the Act attempt to delegate legislative power to the County Commissioners is not well founded.

Requiring persons desiring to operate any motor vehicle over any improved highways of the county of a greater maximum weight than five (5) tons, including weight of vehicle and load combined, to first obtain a permit from the County Commissioners, which permit shall name and direct the roads over which said motor vehicle may be operated, is a permissible regulation, and even if the provision that the permit "shall contain any other safe-guards which the said Board of County Commissioners may deem best for the protection of said highways," may be regarded as an unlawful delegation of legislative power, or as conferring upon the County Commissioners an unlimited discretion, such provision may be treated as eliminated and the statute enforced. See 58 Fla. 255; 63 Fla. 337. See also 66 South. Rep. 150, as to suffiiency of the title.

Permitting the County Commissioners to "name and direct the roads over which said motor vehicles may be operated," is an administrative function, that may properly be performed by officers; and in the nature of things, it cannot be exercised by a prescribed enactment, or by fixed general or uniform rules. See 220 U. S. 506.

The duty put upon the County Commissioners in Section 4 "to fix an indemnity bond in a reasonable sum, to be furnished by said applicant, * * * before a per-

mit to use said roads shall issue," is an administrative function, controlled by the statutory provision that the bond shall be "in a reasonable sum." See 56 Fla. 617; 79 South. Rep. 692.

The statute does not authorize unjust discrimations.

An abuse of authority should not be anticipated; and if committed, may be remedied by due course of legal proceedings.

The statute is not invalid upon the grounds urged and the petitioner was properly remanded.

Affirmed.

TAYLOR, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., dissents.

BROWNE, C. J., *dissenting.*—The title of the Act contains this provision, "and fixing a penalty for the violation of this Act."

Section 7 reads, "That any person violating any of the provisions of this Act shall be guilty of a misdemeanor and shall be punished as prescribed by law."

The Act is a local or special law applicable only to Volusia County; it provides for the punishment of crime; it is therefore violative of the letter and spirit of Section 20, Article III of the Constitution.

I am not unmindful of the decision in Harper v. Galloway, 58 Fla. 225, 51 South. Rep. 226, which seeks to point out to the legislature how the prohibition in the constitution against local or special laws for the punishment of crime may be circumvented, nor of the case of Stinson v. State, 63 Fla. 42, 58 South. Rep. 722, where

the artifice received judicial sanction, but as a minister of the constitution, "not of the letter, but of the Spirit; for the letter killeth, but the Spirit giveth life," I cannot approve of a doctrine that permits that sacred instrument to be evaded by indirection.

I think the Act also offends against Section 16 of Article III, in that the most vital part of the Act,—the very part attacked in the *habeas corpus* proceeding, is not stated in the title, which is as follows:

"AN ACT defining what are improved highways in the County of Volusia in the State of Florida; making regulations for the protection of said highways; prescribing the weight of vehicles that may be used and the speed at which they may be operated on said highways, and fixing a penalty for the violation of this Act."

Nowhere in the title is the legislature or the public notified that the power to make rules and regulations that shall have the force and effect of criminal statutes is delegated to the County Commissioners.