(March 3, 1923.)

STATE, Appellant, v. PARLEY NELSON, Respondent.

[213 Pac. 358.]

CONSTITUTIONAL LAW — POWER OF THE LEGISLATURE — FINANCE AND
REVENUE—CITIES AND VILLAGES—THEIR POWER TO TAX—DISTINC-
TION BETWEEN REGULATORY AND REVENUE TAXES.

1.  The power of the legislature with reference to all matters
of taxation, as well as of legislation generally, is plenary, except
as limited by the organic law.

2.  Sec. 2 of art. 7 of the constitution authorizes the legis-
lature to provide such revenue as may be needful, by levying a
uniform tax upon all property according to its value.  It may
also impose a license tax upon natural or artificial persons, other
than municipal corporations, and may also levy a per capita tax.

3.  Sec. 6 of art. 7 prohibits the legislature from impos-
ing taxes for the purposes of any county, city, town or other
municipal corporation, but authorizes it to invest the corporate
authorities thereof, respectively, with the power to assess and
collect taxes for all purposes of such corporation.

4.  The term "taxes" as used in this section has reference only
to property taxation, where the tax is assessed and collected upon .
property values, in the usual and ordinary manner.

5.  The authority given the legislature by sec. 2 of art. 7
to provide revenue by other means than a valuation tax does
not authorize it to delegate its taxing power, except in the man-
ner and to the extent provided by sec. 6 of said article.

6. The legislative power of the state is by article 3 of the constitution vested in the Senate and House of Representatives, and it is a fundamental principle of representative government that except as authorized by the *organic law,* the legislative department cannot delegate any of its power to make laws to any other body or authority.

7. While municipalities such as cities and villages may pass regulatory measures which may incidentally raise revenue, such municipalities cannot in the exercise of their police power levy and collect a license tax upon individuals or businesses, or levy a per capita tax, for the purpose of raising revenue.

8. A distinction between a license tax for regulatory purposes and one for raising revenue: If imposed for regulation, authorized by sec. 2, art. 12, of the constitution, the license fees demanded must bear some reasonable relation to the cost of such regulation; but if it be imposed under the general taxing power granted by the organic law, the amount of such tax rests wholly within the discretion of the power levying the tax.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Prosecution for violation of a city ordinance. From judgment of the district court sustaining demurrer and discharging defendant, the state appeals. *Affirmed.*

Roy L. Black, Attorney General, Jas. L. Boone, Assistant Atty. Genl., C. J. Taylor, L. Tom Perry, Otto E. McCutcheon and O. E. McCutcheon, for Appellant.

It is doubtful if any constitutional provision should be held void by implication. (*Noble v. Bragaw,* 12 Ida. 265, 85 Pac. 903; *Gillesby v. Board Co. Commrs.,* 17 Ida. 586, 107 Pac. 71; *State ex rel. Evans v. Steward,* 53 Mont. 18, 161 Pac. 309; *Hilger v. Moore,* 56 Mont. 146, 182 Pac. 477.)

Legislative power in granting charters to municipalities is limited only by the constitution and the capability of receiving by such corporation. (*Barnes v. District of Columbia,*

Publisher's Note.

7. Constitutional limitation on the power to impose license or occupation taxes, see note in 129 Am. St. 249.

91 U. S. 540, 23 L. ed. 440; 1 McQuillin, Munic. Corp., sec. 121, p. 295.)

Sec. 3945, C. S., is protected by contemporary interpretation and long acquiescence. (12 C. J. 714, 715, and notes.)

The constitutional question is not involved. (Const., sec. 2, art. 12; *In re Francis*, 7 Ida. 98, 60 Pac. 561.) That provision only in Idaho, California and Washington. (See also, subd. 12, sec. 69, Act of 1893, now sec. 3948, C. S.)

A license to regulate is to be construed as license to raise revenue. (3 McQuillin, Munic. Corp., sec. 989, p. 2199; *Ex parte Frank*, 52 Cal. 606, 28 Am. Rep. 642; *San Jose v. San Jose & S. C. R. Co.*, 53 Cal. 476; *Fleetwood v. Read*, 21 Wash. 547, 58 Pac. 665; *Abraham v. Rosenburg*, 55 Or. 359, 105 Pac. 401; *Salt Lake v. Christensen*, 34 Utah, 38, 95 Pac. 523, 17 L. R. A., N. S., 898.)

C. W. Poole and Geo. W. Worthen, for Respondent.

The legislature has plenary power, save as limited by the constitution, which may declare the prohibition, by direct inhibition or by such language (and provisions) as will clearly and unequivocally imply that there could be no other intendment. (*Gillesby v. Board of County Commrs.*, 17 Ida. 586, 107 Pac. 71; *McDonald v. Doust*, 11 Ida. 14, 81 Pac. 60; *Atkinson v. Board of Commrs.*, 18 Ida. 282, 108 Pac. 1046, 28 L. R. A., N. S., 412; *Achenbach v. Kincaid*, 25 Ida. 768, 140 Pac. 529, 69 L. R. A. 220; *State v. Cochran*, 55 Or. 157, 104 Pac. 419.)

Secs. 2 and 6 of art. 7 of the constitution of Idaho impliedly prohibit the legislature from delegating to a city the right to impose a license tax for revenue. (*State v. Camp Sing*, 18 Mont. 128, 44 Pac. 516; *State v. Union Central Life Ins. Co.*, 8 Ida. 240, 67 Pac. 647; *Johnson v. Great Falls*, 38 Mont. 369, 16 Ann. Cas. 974, 99 Pac. 1059.)

The doctrine of contemporary interpretation and long acquiescence has no application in this case, where the constitutional provision is clear. (12 C. J., sec. 68, pp. 715–717, and notes.)

The position of respondent that license taxes for raising revenue are for the legislature is supported by legislative construction. Ever since the adoption of our constitution the legislature has, by its enactment of license taxes, recognized the principle that the subject of license taxes is for the legislature. (*State v. Camp Sing, supra; In re Kessler,* 26 Ida. 764, Ann. Cas. 1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322, and cases cited at p. 774.)

WILLIAM A. LEE, J.—The city of Rexburg passed an ordinance entitled ''An ordinance for the raising of revenue by levying and collecting a license tax on certain occupations, trades, businesses, vocations and employments transacted, engaged in or carried on within the corporate limits of the city of Rexburg, Madison county, Idaho, etc.'' This ordinance, from its terms, is for the purpose of raising revenue and not for the purpose of regulation, for in addition to its title stating that it is for the purpose of raising revenue, section 2 thereof provides that ''hereafter the following license tax for the purpose of raising revenue shall be due and paid to the city of Rexburg.'' This ordinance then classifies the various trades, occupations, professions and classes of business that shall be so licensed thereunder, and specifies the amount which each in its class shall pay. Section 5 provides that each physician and surgeon must pay a license tax of $5 per quarter.

Respondent Parley Nelson was a regularly licensed and practicing physician under the state law, and was engaged in the practice of his profession in said city when a demand was made upon him for the payment of this license tax. Upon his refusal to pay the same, he was informed against in the police court and fined for a violation of this ordinance. From this judgment he appealed to the district court, which sustained a demurrer to the complaint and discharged him from custody. Thereupon the city of Rexburg brings the cause here on appeal in the name of the state, as required by the statute in this class of actions. The record presents for our determination the single question as to the

validity of this ordinance, appellant's contention being that the court below erred in holding said ordinance invalid.

The reason for the lower court sustaining the demurrer to the complaint and discharging the defendant does not appear in the record, but it seems clear that the court must have based its decision upon the ground that C. S., sec. 3945, in so far as it attempts to authorize the governing boards of cities and villages to levy and collect taxes upon its citizens in this manner, is not authorized by either sec. 2 or sec. 6 of art. 7 of the constitution, and that said section of the statute is therefore invalid, in so far as it attempts to invest a municipal corporation with the power to impose a license or per capita tax upon the inhabitants of any city or village within the state, or upon any business carried on therein.

C. S., sec. 3945, provides that a municipal corporation may: "Raise revenue by levying and collecting a license tax on any occupation or business within the limits of the municipality, and to regulate the same by ordinance. All such taxes shall be uniform in respect to the classes upon which they are imposed. Provided, however, that all scientific and literary lectures and entertainments shall be exempt from such taxation."

Article 7 of the constitution is entitled "Finance and Revenue." It governs the entire subject of taxation, and defines the limitations placed upon the legislature in the matter of raising revenue or authorizing any of the subdivisions of the state to do so. Sec. 2 of this article provides that: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his, her or its property, except as in this article otherwise provided. The legislature may also impose a license tax (both upon natural persons and upon corporations, other than municipal, doing business in this state); also a per capita tax: Provided, the legislature may exempt a limited amount of improvements upon land from taxation."

Section 5 provides that: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal, etc."

Section 6 of said article reads: "The legislature shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation."

It has been frequently held, and correctly, we think, that the term "taxes" above referred to has reference only to property taxation, where the tax is assessed and collected upon property values in the usual and ordinary manner, and was not intended to include either the license or per capita taxes referred to in section 2, which the legislature alone is therein authorized to impose upon the inhabitants of the state. (*State v. Union Central Life Ins. Co.*, 8 Ida. 240, 67 Pac. 647; *In re Kessler*, 26 Ida. 764, Ann. Cas. 1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322; *State v. Camp Sing*, 18 Mont. 128, 44 Pac. 516; *Johnson v. City of Great Falls*, 38 Mont. 369, 16 Ann. Cas. 974, 99 Pac. 1059.)

The legislature possesses plenary power with reference to all matters of taxation, as well as all other legislation, except as such power is limited by the constitution. (*Achenbach v. Kincaid*, 25 Ida. 768, 140 Pac. 529; *In re Kessler, supra;* 1 Cooley on Taxation, 3d ed., p. 9.)

It will be observed that the restrictions placed upon the legislature by art. 7 of the constitution required that all revenue raised, in the usual sense in which that term is used, shall be in proportion to the value of the property taxed, and shall be uniform upon the same class of subjects; that it shall be levied and collected under general laws, which shall prescribe such regulations as will secure a just valuation for taxation upon all property, real and personal, except as to the license and per capita tax, which the legislature may impose under the provisions of the last clause of

said sec. 2 of art. 7 of the organic law. There are apparently no limitations or restrictions upon the power of the legislature with respect to raising revenue for all purposes for which the legislature is required to provide such revenue as may be needful.

By section 6 of said article, the legislature is expressly prohibited from imposing taxes for the purposes of any county, city, town or other municipal corporation. Manifestly, the reason for placing this limitation upon the legislative power to tax is to give local communities, organized as municipal corporations, the power to impose upon themselves for their needs only such burdens in the way of taxation as they themselves determine through their governing officials. This limitation is found in the organic law of many of the states. (Stimson on State and Federal Constitutions, sec. 340, p. 279.) Since the organic law has placed this limitation upon the legislative power to impose a tax upon cities or villages, it has authorized the legislature to invest their corporate authorities with "the power to assess and collect taxes for all purposes of such corporations."

In endeavoring to arrive at the meaning of the limitations placed upon the legislature in the matter of either imposing taxes directly upon municipal corporations, or of authorizing such municipalities to tax themselves, it is important to consider first the language of this section itself, and secondly the results that would follow if the construction contended for by appellant were upheld. We have already observed that the term "taxes" as used in this section has no reference to revenue raised by license or per capita taxes, but refers only to the method of taxation prescribed by the first part of sections 2 and 5 of this article; that is, a tax levied by valuation, so that all persons pay in proportion to the value of the property owned by them. The legislature may invest the corporate authorities of cities and towns with the power to assess and collect taxes of this class for all purposes, although it cannot do so itself.

Appellant contends that because the legislature is invested with the power given it by sec. 2 of art. 7 to provide reve-

nue for state purposes by other means than a valuation tax, it may invest corporate authorities in towns and cities with power to raise revenue in the same manner. It is a doctrine well established and frequently reiterated by the courts that the functions of the legislature must be exercised by it alone, and that they cannot be delegated, except to the extent and in the manner that may be expressly authorized by the organic law. (12 C. J. 839, and collation of authorities from the several states cited under note 71.) All legislative power in the state government is by article 3 of the constitution vested in the Senate and House of Representatives, and since the law-making power is assigned to the legislature, it is a fundamental principle of representative government that except as authorized by the constitution, the legislature cannot delegate any of its power to make laws to any other body or authority. (6 R. C. L. 164.)

When we examine the several sections of the statutes which constitute the general charter of all cities and villages, with regard to the powers and limitations placed upon this class of municipal corporations, we find that by C. S., sec. 4053, the corporate authorities thereof may by ordinance annually appropriate such sums as may be necessary to defray all expenses and liabilities of such corporation during the fiscal year, not exceeding the tax authorized to be levied during such year, and further that C. S., sec. 3940, limits such levy to fifteen mills on the dollar in any one year on all property within the limits of the corporation, taxable according to the law of the state, the valuation thereof to be ascertained from the assessment-rolls of the tax collector. C. S., sec. 4056, limits the corporate authorities to such appropriation, and prohibits them from drawing any warrants upon the treasurer for money unless the same has been so appropriated by ordinance. It further provides that no officer of the corporation shall add to its expenditures above the amount so provided by the annual appropriation ordinance.

In the instant case, counsel for appellant concede that if the legislature may invest the corporate authorities of a village or city with the power to raise additional revenue by a

license tax, as appellant contends has been done by C. S., sec. 3945, then there is no other restriction upon such municipal authorities as to the amount they may levy for municipal purposes than such restraint as may be exercised by public opinion. In other words, appellant's contention is that the legislature may, under the authority of said sec. 6 of art. 7, invest municipal authorities with the power to levy a property tax upon all the property within the city and limit the rate of such taxation to fifteen mills on the dollar, and that it also has, under C. S., sec. 3954, above referred to, invested the governing boards of cities and villages within the state with the power to levy and collect additional revenue in the way of license and per capita taxes, with no limitation upon the amount which such authorities may levy and collect by this method. If appellant's contention be correct, it would be entirely lawful for cities and villages to refrain from levying any direct or property tax, and raise the entire amount of the needed revenue by license or per capita tax; or if the governing boards of such cities or villages concluded to avoid the restrictions contained in their charters, found in the sections above referred to, they might, after levying the full amount allowed by these provisions, proceed with entire impunity, and without any restrictions as to amount, to levy any additional amounts in the way of license or per capita taxes that they might desire, and enforce the same by fine and imprisonment.

When we consider the power which the legislature is authorized to confer upon municipal authorities in the matter of raising revenue by direct taxation, as provided by said sec. 6 of art. 7 of the constitution, and further consider that the taxes therein referred to have reference only to property taxes, together with the limitations and restrictions which the legislature has itself placed upon the authorities of cities and towns in the matter of levying and collecting taxes and prohibiting the expenditure of the revenue thus raised before this is done, we conclude that the organic law does not contemplate or authorize the legislature to invest cities or villages with any such unlimited power of taxa-

tion as is here contended for, but that the legislature is limited to authorizing cities and villages to raise such revenue as they may be authorized to raise under said section 2; that is, to property taxation.

The authorities generally hold that municipalities may pass regulatory measures, which may incidentally raise revenue, and the implied restrictions upon the legislature contained in sec. 6 of art. 7, which limit the corporate authorities in the matter of raising revenue to the assessment and collection of taxes upon property in the usual way, do not necessarily prevent a municipal corporation from raising such revenue by license tax as may incidentally attach to regulatory ordinances. In *Johnson v. City of Great Falls, supra,* where the Montana court was construing a constitutional provision identical with the Idaho provision, it is said that the power to raise revenue by license or per capita tax is limited to the legislature, and it cannot delegate this power to any other body; but this restriction applies only to authority to impose a license tax for the purpose of raising revenue only.

.It is quite clear that the ordinance in question in the instant case was enacted for the purpose of raising revenue only,—first, because by its terms it so provides, and secondly, it has no provisions of regulation. (*State v. Boyd,* 63 Neb. 829, 89 N. W. 417, 58 L. R. A. 108.) A license that is imposed for revenue is not a police regulation, but a tax, and can only be upheld under the power of taxation. (*Kansas City v. Corrigan,* 18 Mo. App. 206.) A city or village cannot, in the exercise of its police power, levy taxes. (*Mankato v. Fowler,* 32 Minn. 364, 20 N. W. 361; *Pitts v. Vicksburg,* 72 Miss. 181, 16 So. 418; 3 McQuillin on Municipal Corporations, sec. 991.)

One of the distinctions between a lawful tax for regulatory purposes and one solely for revenue is: If it be imposed for regulation, under the authority of sec. 2, art. 12, of the constitution, the license fee demanded must bear some reasonable relation to the cost of such regulation; but if it is imposed under the general taxing power and can be lawfully

maintained under such taxing power granted by the organic law, then the amount of such tax that can be imposed upon the citizens or business rests wholly within the discretionary power of the taxing authority.

In view of the guarded manner in which the legislature has invested the authorities of cities and villages with the power to assess property and collect revenue for corporate purposes, and of the almost universal restrictions and limitations found in the various provisions of the statute limiting the power of the governing boards of counties, cities, villages and other subdivisions of the state, it is not believed that the legislature intended by C. S., sec. 3945, to give to the authorities of cities and villages the power without any limitation to raise any amount of revenue that such governing boards may decide necessary for municipal purposes, by a license tax upon the citizens and the business or professions carried on in these municipalities, or by a per capita tax upon the inhabitants of such cities and villages. But if it was the purpose of the legislature to invest the governing boards of municipalities with such unrestricted power, we think that such power is not given to the legislature by the organic law, and that it cannot invest such authority in municipal corporations.

For the reasons here stated, the judgment of the court below in dismissing the information and discharging the defendant is affirmed.

Dunn and William E. Lee, JJ., concur.