STATE, Respondent, vs. WETZEL, Appellant.

*June 2—June 20, 1932.*

606

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, attorneys, and *Allen & Dalby* of Danville, Illinois, of counsel, and oral argument by *Harold M. Wilkie* and *E. L. Dalby*.

For the respondent there was a brief by the *Attorney General, Samuel Bryan,* assistant attorney general, and *Harry S. Fox,* district attorney of Rock county, and *William M. Schneider* of Madison of counsel, and oral argument by *Mr. Bryan*.

WICKHEM, J.   The first contention of the defendant is that the provision under which conviction was had is void

because it imposes an unreasonable burden upon interstate commerce, without any necessity from the standpoint of safety. It is asserted that the section falls within the rule as stated in *Michigan Public Utilities Comm. v. Duke,* 266 U. S. 570, 45 Sup. Ct. 191, 69 Lawy. Ed. 445, in which the court said:

"But it is well settled that a state has no power to fetter the right to carry on interstate commerce within its borders by the imposition of conditions or regulations which are unnecessary and pass beyond the bounds of what is reasonable and suitable for the proper exercise of its powers in the field that belongs to it."

See, also, *Sioux Remedy Co. v. Cope,* 235 U. S. 197, 35 Sup. Ct. 57, 59 Lawy. Ed. 193; *Bush & Sons Co. v. Maloy,* 267 U. S. 317, 45 Sup. Ct. 326, 69 Lawy. Ed. 627; *Western Union Tel. Co. v. Kansas,* 216 U. S. 37, 30 Sup. Ct. 190, 54 Lawy. Ed. 370; *Sprout v. South Bend,* 277 U. S. 163, 48 Sup. Ct. 502, 72 Lawy. Ed. 833, 62 A. L. R. 45; *Morris v. Duby,* 274 U. S. 135, 47 Sup. Ct. 548, 71 Lawy. Ed. 967; *Interstate Transit, Inc. v. Lindsey,* 283 U. S. 183, 51 Sup. Ct. 380, 75 Lawy. Ed. 953.

The second contention is that the section, both in its relation to interstate and intrastate commerce, is unreasonable and discriminatory, and violative of the Fourteenth amendment and the Wisconsin constitution, in that it takes property without due process and denies equal protection of the law. Reliance is had upon the doctrine as stated in *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885, in which this court said:

"There must be reasonable ground for the police interference and also the means adopted must be reasonably necessary for the accomplishment of the purpose in view. So in all cases where the interference affects property and goes beyond what is reasonable by way of interfering with private rights, it offends against the general equality clause of the constitution; it offends against the spirit of the whole

instrument; it offends against the prohibitions against taking property without due process of law, and against taking private property for public use without first rendering just compensation therefor."

Since both contentions have a common fact basis, they may properly be discussed together. It is the claim that since sec. 85.45 (2) (b), Stats., purports to regulate the size of vehicles in the interest of public safety upon the highways, and since it is conceded in the stipulation of facts that in limiting the length of a semitrailer to thirty-three feet the statute has forbidden the operation of the safest combination, and required the operation of combinations that are less safe, an unreasonable burden is cast upon interstate commerce and there is an unjust and unreasonable discrimination between owners of trucks upon the highway. We regard this contention to be without merit for several reasons. It is of course elementary that the stipulation of facts in this case is not binding upon the court or conclusive as to the relation between the section under attack and public safety upon the highways. The legislative power to adopt such measures as in its judgment will promote public safety cannot be defeated by stipulation of the parties, even if one of the parties is the State. At most, this stipulation, as well as the testimony upon which it was based, is entitled to be considered for the purpose of assisting the court in a determination of the question whether the statute has any reasonable relation to safety. So considered, it falls short of its objective. It is based upon the opinions of experts that the section excludes from the highways a truck-trailer combination that is safer than the types that are permitted. The difficulty with this sort of testimony is that the final and conclusive opinion on the subject must be that of the legislature.

In *State v. Evans*, 130 Wis. 381, 110 N. W. 241, error was assigned on the exclusion of the testimony of a druggist

and member of the Wisconsin State Board of Pharmacy, as to whether he saw any reason for discriminating between large and small communities. This court said:

"Such testimony was wholly inadmissible. The exercise of the power of legislation is by the constitution made dependent upon reasons which address themselves to the minds of those whom the people may choose as legislators, not on those which appeal to some particular druggist or some particular member of a state board. The question whether or not there can be any consideration to appeal to the mind of any reasonably intelligent person is a judicial one, solution of which is by the constitution imposed upon the courts of the state. The fact that this particular witness had an opinion one way or the other was wholly irrelevant, and could neither control nor aid the court."

Assuming, however, the utility of this evidence for the purpose of informing the court, its ultimate effect is merely to demonstrate the likelihood that an error in judgment was committed by the legislature. This is not enough to condemn the law. In *Metropolis Theatre Co. v. Chicago*, 228 U. S. 61, 69, 33 Sup. Ct. 441, 443, the court said:

"To be able to find fault with a law is not to demonstrate its invalidity. It may seem unjust and oppressive, yet be free from judicial interference. The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific. But even such criticism should not be hastily expressed. What is best is not always discernible; the wisdom of any choice may be disputed or condemned. Mere errors of government are not subject to our judicial review. It is only its palpably arbitrary exercises which can be declared void under the Fourteenth amendment. . . ."

Similar expressions may be found in *State ex rel. United States F. & G. Co. v. Smith*, 184 Wis. 309, 199 N. W. 954; *Kreutzer v. Westfahl*, 187 Wis. 463, 204 N. W. 595; *State ex rel. Hickey v. Levitan*, 190 Wis. 646, 210 N. W. 111; *Interstate Trucking Co. v. Dammann, ante*, p. 116, 241 N. W. 625.

We are unable to come to the conclusion that this act is a merely arbitrary exercise of power. It is conceded that the length of a vehicle increases the dangers of its operation upon the highways. This fact obviously had the consideration of the legislature, since the section under examination specifically deals with the subject and provides for limitations upon the length of vehicles. The superior construction and safety of defendant's combination does not appear so clearly that the court must take notice of it as a fact. Even if this fact did fall within the scope of judicial notice, it would not follow that the legislative action was arbitrary and discriminatory. It would merely demonstrate that the legislation had fallen short of perfection, and that perhaps the legislature erred in judgment or overlooked the situation presented by defendant's case. This would not be fatal to the act. If it were, nothing short of perfection in this type of legislation would be sufficient to sustain it under the constitution.

In *Sproles v. Binford* (U. S.), decided May 23, 1932 (52 Sup. Ct. 581, 585), Mr. Justice HUGHES, speaking for the court, said:

"Limitations of size and weight are manifestly subjects within the broad range of legislative discretion. To make scientific precision a criterion of constitutional power would be to subject the state to an intolerable supervision hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth amendment was intended to secure."

We see nothing in the facts of this case to remove the subject of the relative safety of defendant's trucks and those permitted by sec. 85.45 (2) (b) from the field of reasonable debate or legislative discretion. Hence it is our conclusion that the section neither places an unreasonable burden upon interstate commerce, nor violates the Fourteenth amendment, or the constitution of the state of Wisconsin in the respects charged. It is of course not contended that the act discrim-

inates against interstate commerce and in favor of intrastate commerce, for it applies equally to both.

It is further contended that the statute contains exemptions which are additional reasons for declaring unreasonable and invalid the provision here in question. First is the exemption of public-service corporations engaged in the transportation of poles and other similar materials used in its business. Such public-service corporations are required by sec. 85.53 (3), Stats., to obtain from the State Highway Commission an annual permit for transporting such poles and other material. There is ample room for a classification exempting the utilities from the operation of the thirty-three foot limitation. The peculiar requirements of the utility business make it necessary that poles be set up within the limits of the public highways. To refuse permission to such utilities to convey to the proper places such items of equipment as poles would seriously handicap, if not entirely prevent, the proper discharge of the public utility's duties to the public. In addition to this, the section contains provisions permitting the State Highway Commission, in its discretion, to exact a bond to protect the counties and municipalities against damage resulting from such transportation, and requiring a permit from the State Highway Commission, thus giving to that body the power to regulate this form of transportation in the interests of public safety.

The next objection is to the exemption contained in sec. 85.45 (2) (a), excluding from the restrictions as to length "implements of husbandry temporarily propelled or moved upon the highway." The constitutionality of such an exemption was established in *State ex rel. Wisconsin Allied Truck Owners' Asso. v. Public Service Comm.* 207 Wis. 664, 242 N. W. 668 (decided April 20, 1932), and the matter was so fully discussed as to require no further exposition here.

The next exemption called into the question is contained in secs. 85.45 (2) (a) and 85.53 (1). The vehicles affected are described in sec. 85.53 (1): "Whenever it is necessary to transport a single article which cannot reasonably be divided and which exceeds the maximum permissible weight or dimensions or both, the same shall be done only after the issuance of a special permit for a single trip designating the loads to be transported, pursuant to authority granted in this section."

We see no constitutional ground upon which such an exemption can be attacked. Like the exemptions covering the transportation of poles by public utilities and that permitting implements of husbandry temporarily propelled or moved upon the highway, this exemption attempts to deal with practical necessities, and at the same time safeguard the public in the use of the highways. An unlimited and general permission to operate such vehicles upon the highways would tend to make the highways unsafe for public travel. Completely eliminating such vehicles from the highway would result in serious handicaps to the industries involved. The solution which permits the occasional use of the highways by such vehicles, under supervision, is open to no constitutional objection. In the case of this latter exemption a bond may be required and the route designated and other restrictions or conditions imposed looking to the public safety. The exemption is designed to take care of unusual situations, and is hedged about with proper safeguards, to the end that the objectives of the law may not be defeated.

It is also urged that there is discrimination because the operation of trains of vehicles, under special conditions, is authorized by sec. 85.45 (3). This section, however, does not authorize the combination in such trains under special permit of individual vehicles that are in excess of the maximum length requirement of sec. 85.45 (2) (b).

Finally, it is contended that sec. 85.45 (3) contains an unconstitutional delegation of legislative authority to the Highway Commission and to municipal officers. It is contended that the authority so delegated is arbitrary, and that no standards are provided to guide the commission and the officers. It is plain to us that the power vested in the Highway Commission and in the officers is administrative rather than legislative, and that discretion rather than arbitrary power is vested. The objective of the statute is plain. It is equally plain that the discretion to issue permits is to be exercised with regard to the subject of public safety upon the highways. It is essential to the practical administration of such a law that there be some such discretion vested in the highway authorities. It is impossible for the legislature to anticipate all of the very many details and contingencies that may arise in the handling of such a complex problem as regulating traffic upon the public highways. We see no constitutional objection to the law in this regard.

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.