SMITH *v.* WAYNE COUNTY SHERIFF.

1. CONSTITUTIONAL LAW — POLICE POWER — CONTROL OF PUBLIC HIGHWAYS.

   The State, through the legislature, has the inherent right, in the interests of public safety and in the exercise of its police powers, reasonably to control its public highways (Const. 1908, art. 5, § 1).

2. OFFICERS—DISCRETION—STATUTORY RULES AND REGULATIONS.

   The legislature may confer authority on an administrative officer or board to make rules, within limits defined in the law, as to details, to find facts and to exercise some discretion in the administration of a statute.

3. STATUTES—CONSTRUCTION—OFFICERS.

   If possible, the Supreme Court must construe a statute to render it valid, not invalid, to confer administrative, not legislative, power on officer charged with its administration, and as vesting in him discretionary, not arbitrary, power.

4. SAME—CONSTRUCTION OF A PROVISO.

In considering proviso of a statute, it must be construed with reference to the rest of the act.

5. HIGHWAYS AND STREETS — USE FOR COMMERCIAL PURPOSES A PRIVILEGE.

The use of public highways, especially for commercial purposes, is a privilege rather than a right.

6. EVIDENCE—JUDICIAL NOTICE—COMMERCIAL TRAFFIC ON PUBLIC HIGHWAYS.

In consideration of constitutionality of statute prescribing maximum height, width and length of motor vehicles used on public highways, the court takes judicial notice of existence of many truck and truck-trailer combinations engaged in commercial traffic on such highways (1 Comp. Laws 1929, § 4759, as amended by Act No. 253, Pub. Acts 1933).

7. CONSTITUTIONAL LAW — DELEGATION OF DISCRETION — SIZE OF AUTOMOBILES ON HIGHWAYS.

Proviso in statute, conferring discretion upon highway authorities to issue permits good for one trip of not to exceed 10 days in special cases of motor vehicles or combinations thereof of greater size than statutory maximum *held*, a delegation of administrative, not legislative, power (Const. 1908, art. 5, § 1; 1 Comp. Laws 1929, § 4759, as amended by Act No. 253, Pub. Acts 1933).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 13, 1936. (Docket No. 77, Calendar No. 39,066.) Decided December 8, 1936.

Bill by Lester A. Smith and others against Henry A. Behrendt, Wayne county sheriff, Murray D. Van Wagoner, State highway commissioner, and others to restrain the enforcement of Act No. 321, § 3, Pub. Acts 1923, as amended by Act No. 253, Pub. Acts 1933. Bill dismissed. Plaintiffs appeal. Affirmed.

*Thomas F. Chawke,* for plaintiffs.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendants.

Toy, J.   Plaintiffs and appellants are common and contract motor vehicle carriers operating over the highways of this State under permits issued by the Michigan public utilities commission.   They operate many motor trucks, tractors, trailers and semi-trailers in their business.

In their bill of complaint they attack the constitutionality of Act No. 321, § 3, Pub. Acts 1923 (1 Comp. Laws 1929, § 4759), as amended by Act No. 253, Pub. Acts 1933, which reads as follows:

"Sec. 3.   Restrictions as to size.   No motor vehicle, trailer or semi-trailer hereafter operated upon the public highways of this State shall have a gauge of more than seventy-six inches measured from center of tire to center of tire, nor shall be more than ninety-six inches wide, over all including load, excepting that on vehicles now equipped with solid tires, the ninety-six inches may be exceeded by the lateral projection of pneumatic tires beyond the rims of the wheels for such a distance on either side of the vehicle as will not increase its outside width beyond one hundred two inches when such solid tires have been replaced with pneumatic tires, and excepting further that the limitations as to width of vehicles shall not apply to farm tractors and to implements of husbandry temporarily propelled or moved upon the public highway, nor shall any vehicle be more than twelve feet six inches in height, over all including load, nor more than thirty-five feet in length, nor shall any motor truck or tractor or other motor propelled vehicle haul more than one trailer and one semi-trailer at any one time; nor shall the aggregate length of the propelling truck or other motor propelled vehicle and the trailers or semi-trailers as loaded exceed fifty feet: *Provided, however, that in special cases vehicles whose dimensions, including loads, exceed the foregoing may be operated under written permits granted by the author-*

*ities having jurisdiction and control over the roads
on which it is desired to operate such vehicles; such
permits, however, shall not be given for more than
one trip and in no case shall a permit be valid longer
than ten days from the date of issue:* Provided further, that every motor vehicle registered with and
licensed by the secretary of State and in operation
prior to the time this act takes effect may be continued in use by the owner thereof during the life of
such vehicle, but in no event beyond the first day of
January, nineteen hundred thirty-six.''

They contend that the proviso as quoted above in
italics constitutes an unwarranted delegation of legislative power and is therefore contrary to that part
of article 5, § 1, of our State constitution, which
reads as follows:

''The legislative power of the State of Michigan
is vested in a senate and house of representatives.''

Appellants in their briefs concede the right inherent in the State, in the interests of public safety and
in the exercise of its police powers, reasonably to
control its public highways.

They contend, however, that because the words
''special cases'' were used in the above quoted proviso, without any legislative definition as to what
shall constitute a ''special case,'' the proviso is
void; that the term ''special cases'' has no commonly accepted signification and that without a legislative definition of it, an arbitrary delegation of
legislative power is conferred upon the executive
authorities to grant or refuse a permit at their will.

The trial court did not determine whether the
portion of the statute contained in the proviso above
italicized was constitutional, but held that such proviso could be severed from the act without affecting

the validity of the remainder of the statute, and it thereupon dismissed the bill of complaint, from which order plaintiffs have appealed.

In *Argo Oil Corp.* v. *Atwood,* 274 Mich. 47, Mr. Justice FEAD speaking for the court in relation to the question of delegation of legislative power, and regarding statutory construction, says:.

"It is too well settled to need the citation of supporting authorities that the legislature, within limits defined in the law, may confer authority on an administrative officer or board to make rules as to details, to find facts, and to exercise some discretion, in the administration of a statute. The difficulty is in determining whether the limits are sufficiently defined to avoid delegation of legislative powers. Exhaustive annotations of the general subject will be found in 12 A. L. R. 1435; 54 A. L. R. 1104; 92 A. L. R. 400. * * *

"If it be possible, we must construe the statute to render it valid, not invalid, to confer administrative, not legislative, power * * * and as vesting * * * discretionary, not arbitrary, authority. Also, we must read the statute as a whole, not isolate the proviso and construe it without reference to the rest of the act."

Applying, then, these outlined rules of construction and following our holding as stated in the foregoing cited case we are confronted in the instant case with the question of whether the authority delegated by the proviso of the statute here involved is administrative or legislative. If the latter, then the portion of the statute covered in the proviso is unconstitutional—if administrative, then the act is constitutional.

In making such determination, we think it should be stated at the outset, that a distinction exists in the

cases, between the rule as applied to the regulation
of activities carried on as inherent and traditional
rights, and that applied in cases involving the regu-
lation of privileged activities.

This distinction was pointed out by Mr. Justice
WIEST in *Samuels* v. *Couzens,* 222 Mich. 604, which
we think distinguishes the many cases cited by ap-
pellants from the one at bar. Here we have a stat-
ute regulating the use of our public highways. It is
well settled that the legislature has the power to con-
trol and regulate the use of the highways, in fact,
appellants in their brief so concede. It follows then
that the use of these highways, especially for com-
mercial purposes is a privilege rather than a right.
42 C. J. pp. 616, 617.

At first blush, it might seem that by the use of the
term "in special cases" in the act, no standard or
rule has been set up by which such power is to be
exercised, and that, therefore, such delegation vests
purely arbitrary power in the executive authorities,
thereby making it a delegation of legislative rather
than administrative power. But a study of the act
as a whole gives an entirely different impression.

Without an act such as this all types of vehicles
with all sizes of loads might use our highways. The
legislature by this act placed a definite prohibition
against trucks and truck-trailer combinations ex-
ceeding certain lengths, heights and widths. We will
take judicial notice that at the time of the passage of
the act there were, as there are today, in daily oper-
ation upon our highways in this State, thousands of
truck and truck-trailer combinations engaged in
commercial activities. It is reasonable to presume,
therefore, that the legislature, in order to provide
for a safe and orderly flow of vehicular traffic saw
the necessity of limiting the size of commercial vehi-

cles.  It therefore barred those exceeding a stated size, length or width.  The legislature, however, realizing that such a flat prohibition might occasionally result in undue hardship, placed in the hands of the administrative authorities a discretion to be exercised by them so as to allow the passage of trucks or truck-trailer combinations of greater height, width or length than that permitted specifically, when such a "special case" should appear, but at the same time it restricted the number and duration of such special trips.

In this modern age with its ever varying accomplishments and demands, it is easy to foresee that at times it may become necessary to transport such things as long steel girders, tanks of great height, grown trees, and even buildings over our highways, as well as numberless things of exceptional size. The legislature in its wisdom did not desire to prohibit the use of the highways to such exceptional or unusual commerce.  But it did desire to prohibit the use of highways to oversize vehicles as a business or as a usual thing.  To take care of the exceptional case, the special case, it gave to the proper authorities the administrative power to grant permits for such to use the highway, but restricted such permit to one trip only and for a limited number of days. It was stated in *Mutual Film Corp.* v. *Industrial Commission of Ohio,* 236 U. S. 230, 247 (35 Sup. Ct. 387, 393, Ann. Cas. 1916 C, 296):

"While administration and legislation are quite distinct powers, the line which separates exactly their exercise is not easy to define in words.  It is best recognized in illustrations.  Undoubtedly the legislature must declare the policy of the law and fix the legal principles which are to control in given cases; but an administrative body may be invested with the power to ascertain the facts and conditions

to which the policy and principles apply. If this could not be done there would be infinite confusion in the laws, and in an effort to detail and to particularize, they would miss sufficiency both in provision and execution.''

Other arguments of appellants in the instant case are, we think, completely answered by the balance of the opinion of the United States Supreme Court, above cited, part of which we quote:

''The objection to the statute is that it furnishes no standard * * * and * * * leaves decision to arbitrary judgment, whim, and caprice. * * * But the statute by its provisions guards against such variant judgments, and its terms, like other general terms, get precision from the sense and experience of men and become certain and useful guides in reasoning and conduct. The exact specification of the instances of their application would be as impossible as the attempt would be futile. Upon such sense and experience, therefore, the law properly relies.''

Decisions holding similarly in analagous cases to that before us are: *State* v. *Wetzel*, 208 Wis. 603 (243 N. W. 768, 86 A. L. R. 274), where the court said:

''It is essential to the practical administration of such a law that there be some such discretion vested in the highway authorities. It is impossible for the legislature to anticipate all of the very many details and contingencies that may arise in the handling of such a complex problem as regulating traffic upon the public highways. We see no constitutional objection to the law in this regard.''

See, also, *Sproles* v. *Binford,* 286 U. S. 374 (52 Sup. Ct. 581); *Contract Cartage Co.* v. *Morris,* 59 Fed. (2d) 437; *Ashland Transfer Co.* v. *State Tax*

*Commission*, 247 Ky. 144 (56 S. W. [2d] 691, 87 A. L. R. 534); *State, ex rel. Daniel*, v. *John P. Nutt Co.*, 180 S. C. 19 (185 S. E. 25).

We find no merit in the stated constitutional objection to the statute. The order of the circuit court dismissing the bill of complaint is affirmed, and the interlocutory injunctions dissolved, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.