238 P.2d 439

**STATE v. HEITZ.**

No. 7765.

Supreme Court of Idaho.

Nov. 20, 1951.

Judgment affirmed.

Beckwith & Langley, Twin Falls, for appellant.

Robert E. Smylie, Atty. Gen. of Idaho and William H. Bakes, Asst. Atty. Gen., Graydon W. Smith, Pros. Atty. and Leonard H. Jacob, Deputy Pros. Atty., Twin Falls, for respondent.

KEETON, Justice.

Appellant, defendant below, was charged with the crime of driving a motor vehicle upon a public highway of the state, loaded in excess of weight limitations as promulgated, posted and prescribed by the Commissioner of Public Works under authority of Sec. 49-606, I.C. By a promulgated and prescribed regulation made pursuant to the powers conferred in this section, 49-606, I.C., Highway #93 leading from Los Angeles, California to Twin Falls, Idaho, and other points beyond Twin Falls, was posted at the Nevada-Idaho border, limiting the load limits of a motor vehicle traveling this highway in Idaho to 350 lbs. per inch width of tire, or 12,000 lbs. for any axle.

The appellant, on March 1, 1950, while said road was so posted and limited as to weights and load to be carried, operated a truck and trailer, driven from Los Angeles to Twin Falls, carrying 76,490 lbs. The maximum load limit under the regulation was 60,000 lbs. The weight was 16,490 lbs. in excess of the load limit for axles on the motor vehicle so operated by the

appellant on the Idaho road. The truck in question entered Idaho at the Nevada-Idaho boarder, was owned by the Idaho Pacific Freight Lines and was properly licensed as required by Sec. 49-127, I.C.

Appellant was first tried in the justice court, found guilty and sentenced. He appealed to the district court, was there found guilty and sentence authorized by Sec. 49-609, I.C., imposed. From the judgment of conviction and sentence he appealed.

In his brief and oral argument, appellant specifies errors which summarized present the questions herein discussed.

Appellant contends that Secs. 49-605, 49-606, 49-609 and 49-611, I.C., are unconstitutional, in violation of Art. 1, Sec. 2, Idaho Constitution: "All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform or abolish the same whenever they may deem it necessary; and no special privileges or immunities shall ever be granted that may not be altered, revoked, or repealed by the legislature." And Art. 3, Sec. 1: "The legislative power of the state shall be vested in a senate and house of representatives. * * *" And Art. 3, Sec. 19: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * For the punishment of crimes and misdemeanors. * * *" and are in violation of Art. 1, Sec. 8, Clause 3 of the Constitution of the United States: "The Con-

gress shall have Power * * * : To regulate Commerce with foreign Nations, and among the several States, * * * " and further contends that statutes challenged deny equal protection to all persons and are in conflict with the 14th Amendment to the United States Constitution: " * * * No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

By the provisions of Sec. 49–602, I.C., a general regulation limiting loads and weights of vehicles traversing highways of the state is prescribed. Sec. 49–606, I.C. (Section under which appellant was convicted), authorizes the Commissioner of Public Works to make regulations reducing the permissible sizes, weights and speeds of vehicles driven on state highways for such periods as may be necessary for the protection of the road and for the public safety, and authority to erect and maintain signs informative of such regulation at designated places. There is no contention that the Commissioner did not make a regulation reducing the permissible sizes, weights and speed limits allowed by Secs. 49–602, 49–603, I.C., and post such regulation notices as required.

That the legislature may delegate its authority to make findings of fact, and within limitations set by the legislature, promulgate rules and regulations for the use of the highways, and limitation of load weights on highways prescribed by those authorized by the legislature so to do has

been upheld and enforced in practically unanimous decisions of all courts.

A legislature, or other law-making body, in enacting a law complete in itself, designed to accomplish the regulation of particular matters falling within its jurisdiction may expressly authorize an administrative commission (in this case the Commissioner of Public Works) within definite limits, to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose, and in so doing, the administrative officer or board so empowered may be given the right to prescribe or vary regulations concerning motor vehicles used on public highways. 11 Am.Jur. 955, Sec. 240. For collection and review of authorities sustaining the rule above, see 87 A.L.R. 547.

A legislative body cannot delegate legislative power to make laws to other body or authority, State v. Nelson, 36 Idaho 713, 213 P. 358, but this rule does not preclude conferring upon local subdivisions or administrative officers the power to prescribe or vary regulations concerning motor vehicles used on public highways within definite limits fixed by the legislative body. Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167; Zackary v. Morris, 78 Fla. 316, 82 So. 830; State v. Wetzel, 208 Wis. 603, 243 N.W. 768, 86 A.L.R. 274; Ashland Transfer Co. v. State Tax Commission, 247 Ky. 144, 56 S.W.2d 691, 87 A.L.R. 534; Diefendorf v. Gallet, 51 Idaho 619, 10 P.2d 307; La Forest v. Board

of Commissioners, 67 App.D.C. 396, 92 F. 2d 547; Baltimore & Ohio Ry. Co. v. District of Columbia. 10 App.D.C. 111; Blumenthal v. City of Cheyenne, 64 Wyo. 75, 186 P.2d 556; Northern Pac. Ry. Co. v. Bennett, 83 Mont. 483, 272 P. 987; Mutual Film Corp. v. Industrial Comm., 236 U.S. 230, 35 S.Ct. 387, 59 L.Ed. 552; Maner v. Dykes, 52 Ga.App. 715, 184 S.E. 438; Britton v. Smith, Tex.Civ.App., 82 S.W.2d 1065; State v. Nelson, supra.

■ Nor are such rules and regulations prescribed by administrative boards where applicable to all persons and authorized by the legislature unconstitutional. Such authority to make rules and regulations to carry out an express legislative purpose or to effect the operation and enforcement of the same is not exclusively a legislative power, but is administrative in its nature. 11 Am.Jur. 955, Sec. 240; State of Florida v. Atlantic Coast Line Ry. Co., 56 Fla. 617, 47 So. 969, 32 L.R.A., N.S., 639; Thompson v. Smith, 155 Va. 367, 154 S.E. 579, 71 A.L.R. 604. For collection of authorities see 32 L.R.A., N.S., 639.

■ Hence the statute, Sec. 49-606, I.C., is not in violation of Art. 1, Sec. 2, Art. 3, Sec. 1, Art. 3, Sec. 19 of the Idaho Constitution.

The appellant argues that the state cannot by law impose a restraint or penalty on interstate commerce where regulations and penalties do not apply equally to each.

■ Conceding appellant's general statement as correct, it has no application here. The law and regulation thereunder, under which the appellant was convicted applies equally to all persons using the highway at the particular places so designated and posted.

That the states have the right to regulate and determine what use, within prescribed conditions and limitations, shall be made of highways has been upheld in numerous decisions, and a regulation made pursuant to a statute by a body or board (in this case the Commissioner of Public Works) is not, in the absence of Federal legislation, repugnant to the interstate commerce clause, Art. 1, Sec. 8, Clause 3 of the United States Constitution.

Thus in Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 585, 76 L.Ed. 1167, the United States Supreme Court speaking through Chief Justice Hughes said:

"In exercising its authority over its highways the state * * * may also prevent the wear and hazards due to excessive size of vehicles and weight of load. Limitations of size and weight are manifestly subjects within the broad range of legislative discretion. To make scientific precision a criterion of constitutional power would be to subject the state to an intolerable supervision hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to secure. * * * When the subject lies within the

police power of the state, debatable questions as to reasonableness are not for the courts but for the Legislature, which is entitled to form its own judgment, and its action within its range of discretion cannot be set aside because compliance is burdensome. * * *

"The objection to the prescribed limitation as repugnant to the commerce clause is also without merit. The court, in Morris v. Duby, supra, 274 U.S. [135] at page 143, 47 S.Ct. 548, 550, 71 L.Ed. 966, answered a similar objection to the limitation of weight by the following statement, which is applicable here: 'An examination of the acts of Congress discloses no provision, express or implied, by which there is withheld from the state its ordinary police power to conserve the highways in the interest of the public and to prescribe such reasonable regulations for their use as may be wise to prevent injury and damage to them. * *' * * *."

In the case before us there is no discrimination against interstate commerce. The regulations adopted in this instance apply to all traffic both intrastate and interstate. For supporting authorities see: Ohio Oil Co. v. Conway, 281 U.S. 146, 159, 50 S.Ct. 310, 74 L.Ed. 775; Standard Oil Co. v. City of Marysville, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856; Price v. Illinois, 238 U.S. 446, 452, 453, 35 S.Ct. 892, 59 L.Ed. 1400; Hadacheck v. Sebastian, 239 U.S. 394, 410, 36 S.Ct. 143, 60 L.Ed. 348, Ann.Cas.1917B, 927.

Hence we conclude the regulation challenged in this case does not offend against the provisions of the United States Constitution, Art. 1, Sec. 8, Clause 3, or the 14th Amendment, claimed by appellant.

Appellant further contends that under Sec. 49–605, I.C., the Commissioner is authorized in his discretion, to issue special permits allowing operators of motor vehicles to transport heavier and wider loads than are permitted by law or regulations made by him; that such is an arbitrary grant of power and could permit one person to haul an unlawful load over a posted highway while another person under the same conditions is denied the same right so to do; further, that under the provisions of Sec. 49–611, I.C., the Commissioner may also permit the transportation of logs, poles and piling or material from mines in excess of load limits prescribed by law or by regulation; that these sections which delegate this power to make laws and rules applicable to one individual or group and not to others are unconstitutional; that Sec. 49–606, I.C., must be construed pari materia with other provisions of the act, contending that Secs. 49–605 and 49–611, I.C., are unconstitutional. Hence the whole act should be so declared.

Whatever the merits or demerits of this contention may be as to Secs. 49–605 and 49–611, I.C., suffice to say that the appellant was not convicted for a violation of either of said provisions. He did not apply for and was not denied a special permit, but

was convicted under the provisions of a regulation properly promulgated applicable to all persons. Hence said sections 49–605 and 49–611, I.C., are not before us for a determination of their constitutionality.

The Act: Ch. 6, Title 49, I.C., is taken from the 1929 Session Laws. Ch. 156, P. 281. Sec. 10 of the Act specifically provides: "If any part or parts of this act shall be held to be unconstitutional, such unconstitutionality shall not affect the validity of the remaining parts of this act".

 One must be in a class against whom discrimination operates to show aggrievement or question a statute. Poffenroth v. Culinary Works Union Local No. 328, 71 Idaho 412, 232 P.2d 968, 969. In this case this Court quoted from State v. Trantham, 230 N.C. 641, 55 S.E.2d 198, at page 200 as follows:

" ' "Courts never anticipate a question of constitutional law before the necessity of deciding it arises." Virginia Carolina Chemical Co. v. Turner, 190 N.C. 471, 130 S.E. 154. They will not listen to an objection made to the constitutionality of an ordinance by a party whose rights it does not affect and who therefore has no interest in defeating it.' Cases.

" 'It is not sufficient to show discrimination. It must appear that the alleged discriminatory provisions operate to the hurt of the defendant or adversely affect his rights or put him to a disadvantage.' Cases.

" 'It is a fundamental principle of constitutional law that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or about to be, applied to his disadvantage. Cases cited. It follows "that one may not urge the unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the constitution." ' Tooz v. State, [76] N.D. [599], 38 N.W.2d 285, at page 290."

 It is axiomatic that one may not question the constitutionality of a statute unless it is being or about to be applied to his disadvantage or he will be injured by its enforcement, and further, such statute will not be passed on as to unconstitutionality unless it is essential to a decision of the case. Albrethsen v. State, 60 Idaho 715, 96 P.2d 437. See review of cases on page 718 of 60 Idaho, on page 438 of 96 P.2d.

 We therefore conclude that the appellant in the case before us does not come within a class of persons in a position to question the constitutionality of Secs. 49–605 and 49–611, I.C., and whether said sections are constitutional or unconstitutional does not in anywise affect the constitutionality of the provisions of law and section under which appellant was convicted. Judgment affirmed.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.