*Appeals—Status of party asking allowance of appeal—Constitutional law—Equal protection of laws—Water companies—Acts of May 20, 1921, P. L. 1010, and May 17, 1923, P. L. 251.*

1. A person who is seeking to raise the question as to the validity of a discriminatory statute has no standing for the purpose unless he belongs to the class which is prejudiced by the discrimination.

2. An act of assembly is always to be accounted constitutional, in all respects and as to everyone, until challenged by some one who is directly affected by a part or feature of the statute claimed to be unconstitutional.

3. Water companies incorporated between April 1, 1905, and April 13, 1905, (such companies, if any exist, being the only ones discriminated against), are the sole parties having standing to apply for a writ of error to remove to the Supreme Court of the United States a case (Reeves v. Philadelphia Suburban Water Co., 287 Pa. 376,) wherein the Supreme Court of Pennsylvania refuses to consider the question whether the Water Company Acts of May 20, 1921, P. L. 1010, and May 17, 1923, P. L. 251, are unconstitutional as discriminatory legislation violating the 14th Amendment of the federal Constitution.

4. The application in this case was refused because the applicants were not in the class discriminated against, and therefore they were not in a position to raise the constitutional question.


Application for writ of error to remove case to Supreme Court of the United States.   Appeal, No. 259, Jan. T., 1926.


PER CURIAM, January 3, 1927:

The application at bar, for a writ of error to remove the record to the Supreme Court of the United States, rests on the point covered by the third paragraph from the end of the opinion [287 Pa. 376, 389-90] disposing of the appeal to this court. Plaintiffs, against whom the point in question, among others, was decided, now claims that we erred in not declaring unconstitutional the classification of corporations there discussed, whereby water

companies incorporated between April 1, 1905, and April 13, 1905, stand on a different footing in certain respects from those incorporated prior to the first mentioned date, the latter when merged being able to enjoy the right of eminent domain, while the former may not. Plaintiffs contend that this classification is "discriminatory and violates......the 14th Amendment to the Constitution of the United States" by denying "the equal protection of the laws of Pennsylvania to certain water companies." There is nothing on this record to show that, as a matter of fact, any water companies were incorporated in the period between April 1, 1905, and April 13, 1905; hence, albeit the point made by appellants was, as an abstract proposition, well taken, still the record is bare of anything to indicate even a possibility that the alleged unconstitutional classification might affect any existing corporation. But, if there exists a discrimination here, it is, as appellants state, against certain water companies; no water company is complaining and plaintiffs do not belong to the class which they allege is discriminated against. The principle which controls this application is well stated in 6 Ruling Case Law 90, 91, particularly in paragraph 89, from which we quote: "A person who is seeking to raise the question as to the validity of a discriminatory statute has no standing for the purpose unless he belongs to the class which is prejudiced by the statute," meaning, as the text shows, the class discriminated against.

We refuse this application because, among other reasons, so far as petitioners are concerned, there is no constitutional question involved. The rule is well established that an act of assembly is always to be accounted constitutional, in all respects and as to everyone, until challenged by some one who is directly affected by a part or feature of the statute claimed to be unconstitutional. In deciding constitutional attacks upon acts of assembly, the courts do not heed abstract propositions; they deal with actual conditions alone, which must not only

affect the one complaining of the alleged unconstitutionality but also must affect him by reason of the particular defect that it is claimed makes the act unconstitutional. The only one who could be so affected here would be a company incorporated in the short period before mentioned, and not persons in the position of the present appellants; both as to them and the water companies here involved, the legislation now before us is exempt from attack on the particular ground relied upon.

The prayer of the petition is refused.