# Commonwealth *v.* Loftus, Appellant.

*Criminal law—Murder—Trial by jury—Fixing penalty by jury —Constitutional law—Act of May 14, 1925, P. L. 759.*

1. The Act of May 14, 1925, P. L. 759, which provides that "if a jury shall find a defendant guilty of murder in the first degree, the jury shall say whether the penalty shall be the death penalty, or that of imprisonment for life," does not violate article I, section 6, of the Constitution of Pennsylvania which provides that trial by jury shall be as heretofore and the right thereof remain inviolate.

*Constitutional law—Constitutionality of act—Right to raise objection.*

2. A court will never heed objections to the constitutionality of an Act of Assembly unless the complainant is affected by the feature alleged to be in conflict with the Constitution.

3. A person convicted of murder of the first degree with the penalty of death fixed by the jury, has no standing to assert that the Act of May 14, 1925, P. L. 759, was unconstitutional, because it interfered with his constitutional right to trial by jury.

*Criminal law—Murder—Appeals—Printing of unnecessary evidence—Act of March 22, 1907, P. L. 31.*

4. Counsel appointed by the court under the Act of March 22, 1907, P. L. 31, to defend a prisoner indicted for murder, have no right to impose upon the Commonwealth the expense of printing evidence which has nothing whatever to do with any question raised by the assignments of error.

5. While the evidence relating to the ingredients necessary to constitute murder of the first degree must be printed in full so as to enable the appellate court to comply with the Act of February 15, 1870, P. L. 15, as to the review of the evidence, the testimony of jurors taken on their voir dire should not be printed, if no question as to such testimony is involved in the appeal.

Argued January 25, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 144, Jan. T., 1928, by defendant, from judgment of O. & T. Phila. Co., Oct. T., 1926, No. 1090, on verdict of murder of the first degree with penalty fixed as death, in case of Commonwealth v. Rodger Loftus. Affirmed.

Indictment for murder. Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree with death fixed as the penalty, on which sentence was passed. Defendant appealed.

*Error assigned,* inter alia, was the sentence and refusal of new trial, quoting record.

*Alfred M. Klein,* with him *Albert G. Newton,* for appellant.—Down through the judicial history of England, the function of the jury has been limited exclusively to the findings of fact. Never was a jury charged with the fixing of punishment: Munn v. Pittsburgh, 40 Pa. 364; Wynkoop v. Cooch, 89 Pa. 450; Smith v. Pub. Co., 178 Pa. 481.

*Vincent A. Carroll,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee.— The point raised here has no merit, for appellant has not shown, nor can he show, an infringement of any of his constitutional rights: Com. v. Alderman, 275 Pa. 473, 287; Com. v. Meyers, 290 Pa. 573.

The act having been declared to be constitutional, in the case of Com. v. Meyers, the judgment of the court below in this case should be affirmed, and the sentence imposed be ordered to be executed.

OPINION BY MR. CHIEF JUSTICE MOCHZISKER, March 12, 1928:

Rodger Loftus shot and killed Dora Terrell, in the City of Philadelphia, early in the morning of September 27, 1926. He was convicted of murder of the first degree, and the jury, in rendering their verdict, fixed the penalty at death. The court below sentenced defendant accordingly and this appeal followed.

Appellant states but one question involved: "Does the Act of May 14, 1925, P. L. 759, which provides that if a jury shall find a defendant guilty of murder in the first degree it shall say whether the penalty shall be the death penalty or that of imprisonment for life, violate article I, section 6, of the Constitution of Pennsylvania, which provides that 'trial by jury shall be as heretofore, and the right thereof remain inviolate'?"

As recently stated by us in Com. v. Haldeman, 288 Pa. 81, 83, "A court will never heed objections to the constitutionality of an act of assembly unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution," and this, of course, means harmfully affected.* Here, the defendant cannot claim to be harmfully affected by the act before us, because, as well stated in the opinion of the court below,

---

* Liberty Warehouse Co. v. Burley T. G. Co-op. M. Asso., 48 Supreme Court Reporter 291, 294.

"As the law stood before the passage of the Act of 1925, upon conviction of murder of the first degree, the court was required to pronounce sentence of death; the law permitted no alternative. The statute under consideration provides for the discretionary imposition of a lesser penalty, [and it can be] of no moment to defendant that the discretion is vested in the jury instead of the court. [This] defendant......failed to obtain the clemency [from the jury] made possible by the statute, but he had the possibility of receiving it, and failing to do so, he fares no worse than he would have under the old law." Hence the part of the act of which defendant complains cannot be said to have affected him harmfully. Moreover, it neither interferes with nor diminishes any substantial right pertaining to trial by jury as it existed at common law or prior to our constitutional guarantees on the subject; and there is nothing in the act contrary to any ruling by us in Smith v. Times Publishing Co., 178 Pa. 481, relied on by appellant. In Warren v. Com., 37 Pa. 45, 53, we said that it was a mistake to suppose that every modification of our time-honored institution of trial by jury detracts from that right, adding that such a view would set up "too narrow and rigid a rule for the practical workings of the Constitution and the rights guaranteed by it"; that "there is no violation of the right unless the remedy is denied, or so clogged as not conveniently to be enjoyed"; and, finally, that "the framers of the Constitution undoubtedly knew and intended that legislation must provide the forms under which the right was to be enjoyed, and they meant no more than that it should be enjoyed under regulations which should not take away the right." Without intending to adopt the opinion in Peterson's Case, 253 U. S. 300, we shall quote from Mr. Justice BRANDEIS, where he said (at foot of p. 309), "New devices may be used to adapt the ancient institution [of trial by jury] to present needs and to make of it an efficient instrument in the administration of justice. Indeed, such

changes are essential to the preservation of the right; and the [statutory limitations mean] merely that enjoyment of the right of trial by jury [shall not be] obstructed, and that the ultimate determination of issues of fact by the jury be not interfered with." The present act in no wise obstructs the right to trial by jury or interferes with the right of the jury to determine the facts in the case in accordance with established methods.

When the question of the constitutionality of the Act of 1925 was recently before us under another attack, in Com. v. Myers, 290 Pa. 573, we held it to be valid legislation; we see nothing in the present case to cause us to change that view. Since the evidence is amply sufficient to support a finding of murder of the first degree, we shall not disturb the verdict found by the jury and sustained by the court below.

There is one other matter to which we feel obliged to call attention. Rule 55 of this court provides that "Evidence which has no relation to or connection with questions raised by assignments of error must not be printed." One hundred and sixty-six printed pages of the present record relate exclusively to the examination of jurors on their voir dire and have nothing whatever to do with any question raised by the assignments of error in the case. True, because the Act of February 15, 1870, P. L. 15, requires us to review the evidence "to determine whether the ingredients necessary to constitute murder in the first degree shall have been proved to exist," it is always necessary, on appeal from a sentence on a verdict of first degree murder, that the body of the evidence relating to the offense charged in the indictment shall be printed in full; but where, as here, there is no assignment of error which complains of the manner in which the jurors were selected, there is no reason or excuse for printing the notes of testimony relating thereto. Counsel in this case were appointed by the court below under the Act of March 22, 1907, P. L. 31, to represent the prisoner. This act provides that such

counsel shall be allowed a fee, not to exceed a set sum, and expenses. The Act of June 3, 1911, P. L. 627, provides that, when counsel shall have been assigned to one indicted on a charge of murder, and the defendant shall have been convicted of murder of the first degree, if counsel deems it necessary to appeal, he may, by order of the court which appointed him, be repaid out of the public funds "the cost of printing the paper book." Counsel in the position of the attorneys who represent the defendant in this case are trusted by the Commonwealth, and they should feel a sense of responsibility not to waste money of the people by unnecessarily increasing expenses. The court intrusted with the enforcement of the acts last above referred to should carefully scan accounts filed by such counsel, and when waste of the character to which we here refer occurs, payment therefor should not be allowed.

The assignments of error are all overruled, the judgment is affirmed, and the record is remitted for the purpose of execution.