[No. 30143.  Department One.  July 24, 1947.]

AUSTIN E. GRIFFITHS, *Individually and as Executor, Appellant,* v. THE STATE OF WASHINGTON *et al., Respondents.*[1] ·

[1]Reported in 183 P. (2d) 821.

*Austin E. Griffiths, C. M. McCune,* and *McCune & Yothers,* for appellant.

*The Attorney General* and *Philip W. Richardson, Assistant,* for respondents.

MILLARD, J.—Plaintiff, who is the surviving spouse and executor of the will of Ella Margaret Griffiths, deceased, brought this action under the declaratory judgment act against the state of Washington, the state tax commission, the inheritance tax division of the state tax commission, the attorney general, and Charles Frankland, one of the appraisers of the estate of the decedent. Defendants' challenge, by general demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, was sustained. Plaintiff elected to stand upon his complaint, whereupon judgment of dismissal was entered. Plaintiff appealed.

The complaint alleges that appellant is the owner of certain lands situate in King county, which lands, prior to the death of appellant's wife, were the community property of appellant and his wife. As the executor of the will of decedent, appellant filed an inventory of the estate as required by the statute. The appraisers of the estate, including Charles Frankland, who was nominated by the supervisor of the inheritance tax division and appointed by the court, appraised the estate in the amount of $102,762.06. The court allowed Charles Frankland $102.76 as his fee as appraiser nominated by the supervisor of the division. Appellant refused to pay the fee and brought this action, praying the

entry of a judgment judging the fee to be invalid and a cloud on the title of his interest in the estate, and among other things, that the appointment be declared of no effect.

Appellant contends that the statute granting to the supervisor of the inheritance tax division authority to designate an appraiser in matters of probate and fixing by statute an arbitrary fee for compensation of the appraiser so designated, is unconstitutional for the reason that the authority granted the supervisor encroaches upon the judicial power vested in the courts of this state under the constitution. It is argued that any legislation which arbitrarily fixes a fee for one of the appraisers, leaving the compensation of the other two to be fixed by the court in such amount as may be just and reasonable, is unconstitutional, as such statute operates to deprive appellant of his property without due process of law.

It is further urged that the statute authorizing compensation of the appraiser designated by the supervisor be computed on a different basis than the compensation of the other two appraisers, violates Art. I, § 12, of the state constitution, which prohibits the enactment of a statute which grants to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens.

The first statute relative to inventory and appraisal of estates was enacted in 1854 (see Laws of 1854, p. 276) and remained substantially unchanged until 1873, when mileage outside the county of probate was provided in addition to the daily compensation of three dollars. Probate Practice Act, Laws of 1873, chapter 7, p. 279, § 131. Prior to the enactment of the Laws of 1901, chapter 55, p. 67, there was no inheritance tax, and appraisement was primarily for ascertainment of values for purposes of distribution of the estate and for creditors. In § 1 of the 1901 inheritance tax code is a provision for payment of a reasonable sum for funeral expenses and court costs, including cost of appraisement made for the purpose of assessing the inheritance tax.

Sections 13 and 15 of the 1901 inheritance tax code, which were amended by the Laws of 1905, chapter 114, p. 222, again provided for appointment of three suitable disinter-

ested persons to appraise the estate, and that the appraisers forthwith give notice of the appraisement to the state treasurer, who, under the Laws of 1901, chapter 55, p. 67, was placed in the supervisory position similar to the supervisor of the inheritance tax division under the present law.

The state tax commission was created by the Laws of 1905, chapter 115, p. 224, and was empowered and required to superintend and enforce the inheritance tax laws of the state. Laws of 1907, chapter 217, p. 499, § 4, authorized the board of tax commissioners to apply to the court to have an estate appraised. The 1917 amendment (Laws of 1917, chapter 156, p. 642, § 95): ·

"Every executor or administrator shall make and return, upon oath, into the court, within one month after his appointment, a true inventory of all of the property of the estate which shall have come into his hands, and within thirty days after filing such inventory he shall make application to the court to appoint three disinterested persons to appraise the property so inventoried, and it shall be the duty of the court to appoint such appraisers. Such appraisers shall receive as compensation for their services each the sum of three dollars ($3.00) per day and mileage. If any part of the estate shall be in another county than that in which letters are issued, appraisers residing in such county may be appointed by the court having jurisdiction of the case, or, if most advisable, the same appraisers may act: *Provided,* That the court may appoint persons to appraise the estate at the time, or any time after the appointment of the administrator."

The 1919 session of the legislature enacted two statutes relating to the appraisement of estates. Laws of 1919, chapter 23, p. 51, re-enacted the 1917 statute, and provided in addition that the court might appoint appraisers without application therefor and, in some instances, authorize dispensing with appraisement. By the Laws of 1919, chapter 24, p. 52, § 1, the state tax commissioner was authorized to object to the appraisement and to appeal therefrom. Laws of 1929, chapter 112, p. 216, § 1, changed the compensation of appraisers to a just and reasonable sum not to exceed five dollars per day for the time spent in making the appraisement. That act further provided that, in all estates where

an inheritance tax was payable, the court might fix the compensation of each appraiser in such amount as the court deemed just and reasonable.

The act was last amended by the Laws of 1939, chapter 202, p. 692, § 8 (Rem. Rev. Stat. (Sup.), § 1465 [P.P.C. § 974-51]), which reads as follows:

"Every executor, or administrator shall make and return upon oath, into the court, within one month after his appointment, a true inventory of all of the property of the estate which shall have come into his hands, and within thirty (30) days after filing such inventory he shall make application to the court to appoint three disinterested persons to appraise the property so inventoried, and it shall be the duty of the court to appoint such appraisers. Such appraisers shall receive as compensation for their service each an amount as to the court shall seem just and reasonable, not to exceed $5.00 per day for the time spent in making such appraisement: *Provided,* That in all estates where an inheritance tax is payable, the court shall fix the compensation of each appraiser at such an amount as the court may deem just and reasonable notwithstanding the foregoing limitation: *Provided further, however,* That in all estates over $5,000 the appraiser recommended by the Supervisor shall receive a fee of one-tenth of one per cent of the inventoried value of the estate and no more. . . ."

Laws of 1939, chapter 202, p. 692, § 9 (Rem. Rev. Stat. (Sup.), § 11211 [P.P.C. § 974-53]), reads as follows:

"The Superior Court having jurisdiction, shall appoint three suitable, disinterested persons to appraise the estate and effects of deceased persons for inheritance tax purposes and subsequent sales shall not affect the value so used, and unless otherwise provided by order of the court, the appraisers appointed under the probate law to appraise the estate and effects of deceased persons, shall be and constitute the appraisers under the provisions of this act: *Provided, however,* That one of such appraisers shall be recommended by the supervisor, and appointed by the court as one of the three appraisers. The three appraisers thus appointed to appraise the estate shall determine the value thereof. In the event the three appraisers cannot agree upon the value, then each appraiser shall file with the court his findings, and the court shall then fix a value for the appraisement and inheritance tax purposes. Anyone may file excep-

tions with the court to the appraisement as found by the appraisers, which shall be heard and determined by the court having jurisdiction of the estate."

From the foregoing review of the history of the statutes, the constitutionality of which is challenged by appellant, it will be noted that as early as 1854 the territorial legislature set up the system of requiring of the court the appointment of appraisers to determine values of the estates of decedents and further provided for the measure of compensation for their services. The compensation of each appraiser was limited at first to three dollars daily, and later mileage allowances were provided.

The inheritance tax code enacted in 1901 was amended by the legislature a number of times for the purpose of providing the tax-collecting agency with some measure of supervision. The 1905 amendment authorized the tax commission to apply to the court for the appraisement of an estate. By the 1917 amendment, the duty was imposed upon executors or administrators of estates to make application to the court to appoint three disinterested persons to appraise the property of the estate, and it became the duty of the court to appoint such appraisers. By the 1929 amendment, compensation of the appraisers was increased to five dollars a day, except where an inheritance tax was payable, when that compensation was not limited to an amount certain but was fixed by the court at such an amount as was deemed just and reasonable.

The legislature has never deprived itself of the power to change the law with reference to appraisers and their compensation, but has retained it and exercised it from time to time, as appears from the statute cited above. The actual appointment of appraisers has always remained in the court, although the compensation of the appraisers has been controlled by the legislature. The 1939 amendment changed the prior law to a minor extent, in that the supervisor of the inheritance tax division is permitted to recommend to the court one of the three persons for appointment, and the compensation of the appraiser nominated by the supervisor is made certain and limited.

The power of the courts to make the final decision in the matter of the appointment of appraisers is not abolished, and the legislature was acting within its province when it made procedural changes and provided changes in fees. The legislature has retained its right to prescribe changes with reference to appraisers' fees, the duties of such appraisers, and nomination of appraisers for appointment by the court. The court has always retained the power to appoint, and, upon application of the executor or administrator for appointment of three disinterested persons to appraise the property, it becomes the duty of the court to appoint appraisers.

There is no invasion of the judicial power by the legislature's authorization to the supervisor of the inheritance tax division, upon whom is imposed the duty and responsibility of administering the collection of inheritance taxes, to nominate one of the three appraisers. The duty and power of the court remains exactly the same. If one of the nominations by the supervisor is not deemed proper by the court, or if the person named by the supervisor is considered by the court not disinterested, the court is not prevented from refusing to appoint the one so nominated so long as three appraisers are ultimately appointed.

The work of an appraiser is similar to that of an assessor, in that he ascertains the value of the decedent's property, partially for the purpose of determining the inheritance tax assessable. That the legislature may provide how taxes are assessed, without interfering with the judicial power and as a part of the administrative duty of determining values and assessing and collecting taxes due to the state, needs no citation of sustaining authority. Such assessors or appraisers are not acting in a judicial capacity. The statutes cited above respecting nomination of persons for appointment as appraisers are not vulnerable to appellant's attack thereon. As the duties of the appraisers are not judicial, there has been no encroachment upon the judicial power.

Appellant challenges the fixing by statute of the fee of the state's appraiser on the ground that the fee is arbi-

trary and therefore an encroachment upon the judicial power.

The legislature was clearly within its authority to change the fees of the appraisers and specifically to fix the state appraiser's fee at a percentage certain. Whether the fee provision is arbitrary, has nothing to do with the judicial power. The legislature has retained—which is its constitutional right—the control of fees to be paid appraisers. We recognized in *In re Megrath's Estate,* 142 Wash. 324, 253 Pac. 455, 256 Pac. 503, the right of the legislature to fix such fees. In the case cited, we said:

"In passing, we may also say that, on the face of the record, it appears that the appraisers' fees were fixed by the court at an amount in excess of that provided by statute. Rem. Comp. Stat., § 1465 [P. C. § 9921], provides:

" 'Such appraisers shall receive as compensation for their services each the sum of three dollars ($3) per day and mileage.'

"We hold that this provision of the statute is controlling, and that it is error for the probate court to allow any other or different amount."

■ ■ Doubtless, the legislature had in mind that the state's appraiser would have responsibilities and duties different and beyond that of the other appraisers; therefore, fixed the fee. The fee of one tenth of one per cent of the appraised value of an estate for the services of the state's appraiser is too small to be oppressive or arbitrary. The right of the legislature to regulate, grant, or withhold the privilege of receiving property of decedent's estates is plenary.

"That the legislature had the right to fix such a standard is beyond question. The state's power over property passing by will or through the statutes of descent and distribution is plenary. It may take all of the estate if it sees fit, and if it may take all, it may take any part less than all. The state's right to direct its disposition is unlimited." *In re Ward's Estate,* 183 Wash. 604, 49 P. (2d) 485, 102 A. L. R. 496.

■ It follows that the contention of appellant that the fee is an arbitrary one, and operates to deprive appellant of his property without due process of law, is without substantial merit.

The statute does not, as urged by appellant, constitute class legislation. He is not of the class which he alleges is injured by it; hence he is not in any position to challenge the act as unconstitutional. The only persons in the class who could be injured would be the other appraisers, whose fees may be fixed in an amount different from that of the appraiser nominated by the supervisor. This principle is well recognized and set forth in 1 Cooley's Constitutional Limitations (8th ed.) 339:

"Nor will a court listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it."

The judgment is affirmed.

MALLERY, C. J., SIMPSON, JEFFERS, and ABEL, JJ., concur.

