**UNITED STATES v. RICHTER.**
**Criminal No. 20377.**

United States District Court
S. D. California.
Central Division.
April 28, 1949.

James M. Carter, U. S. Atty., and Norman W. Neukom and Leila F. Bulgrin, Asst. U. S. Attys., all of Los Angeles, Cal., for plaintiff.

A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for defendant.

MATHES, District Judge.

The defendant, Robert Richter, is charged with willful failure to register for selective service under the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451, et seq., as required by § 3 thereof, 62 Stat. 605, 50 U.S.C.A.Appendix, § 453; 13 F.R. 4173. His failure to register is admitted; but defendant asserts that the Act, as applied to him, is unconstitutional. Trial by jury has been waived.

Defendant is a conscientious objector, and regards the act of registering as an act aiding the United States in the prosecution of war, hence an act which his conscience forbids him to do.

Defendant denies any belief in a Supreme Being. Rather, his convictions are based upon an unreasoning and unquestioning adherence to the belief that the application of force in any form and under any circumstances is wrong. The Court finds that defendant's objections are nonetheless sincere, and are made in good faith, and based upon a conscientious belief in and feeling of a moral obligation which, to the defendant, transcends both his own self-interest and his duty to obey the law of the land.

The defense raises the following constitutional issues:

(1) Would enforced compliance with the registration provisions of the Selective Service Act of 1948 violate defendant's freedom of religion under the First Amendment?

(2) Does the Selective Service Act of 1948 abridge freedom of religion in violation of the First Amendment by conferring the privilege of exemption only upon those conscientious objectors who believe in a Supreme Being, 50 U.S.C.Appendix, § 456 (j)?

(3) Does the Act deny due process to defendant, in violation of the Fifth Amend-

ment, by basing exemption upon an unreasonable and arbitrary classification?

(4) Does the Congress have constitutional power to raise a peace-time army by conscription?

Section 6 of the Act, 50 U.S.C.Appendix, § 456(j), provides in part that:

"Nothing contained in this [Act] * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views of a merely personal moral code."

This Court need not here pass upon the grave and far-reaching constitutional question of whether the freedom of religion clause of the First Amendment shelters only persons asserting "belief in a * * * Supreme Being * * *." See: Berman v. United States, 9 Cir., 1946, 156 F.2d 377; United States v. Badt, 2 Cir., 1944, 141 F.2d 845; United States v. Kauten, 2 Cir., 1943, 133 F.2d 703.

█ Assuming, and in my opinion correctly so, that defendant's beliefs are religious in character within the meaning and protection of the First Amendment, they are not unconstitutionally infringed by the mere requirement of registration under the Selective Service Act of 1948. The United States clearly possesses constitutional power to require registration of its male citizens between the ages of 18 and 26, and there appears no basis in reason or policy for holding that non-discriminatory exercise of such power constitutes an abridgement of the freedom of religion of any person. In re Summers, 1945, 325 U.S. 561, 571, 65 S.Ct. 1307, 89 L.Ed. 1795; Hamilton v. Regents of University of California, 1934, 293 U.S. 245, 262-265, 55 S.Ct. 197, 79 L.Ed. 343; United States v. Moriarity, C.C.N.Y.1901, 106 F. 886, 891-892.

It is well to recall and to remember the words of Mr. Justice Cardozo in Hamilton v. Regents of University of California, supra, 293 U.S. at pages 267-268, 55 S.Ct. at page 206, 79 L.Ed. 343:

"Never in our history has the notion been accepted, or even, it is believed, advanced, that acts * * * indirectly related to service in the camp or field are so tied to the practice of religion as to be exempt, in law or in morals, from regulation by the state. * * * Manifestly a different doctrine would carry us to lengths that have never yet been dreamed of. The conscientious objector, if his liberties were to be thus extended, might refuse to contribute taxes in furtherance of a war, whether for attack or for defense, or in furtherance of any other end condemned by his conscience as irreligious or immoral. The right of private judgment has never yet been so exalted above the powers and the compulsion of the agencies of government. One who is a martyr to a principle—which may turn out in the end to be a delusion or an error—does not prove by his martyrdom that he has kept within the law."

See, also: West Virginia State Board of Education v. Barnette, 1943, 319 U.S. 624, 643, 63 S.Ct. 1178, 87 L.Ed. 1628, 147 A.L.R. 674.

█ The remaining constitutional issues are, in my opinion, prematurely raised. Since the registration provisions are separable from the other provisions of the Selective Service Act of 1948, defendant has no standing, prior to becoming a registrant under the Act, to challenge the constitutional validity of either the exemption or conscription provisions, to which he has never as yet made himself subject. See: United States v. Rappeport, D.C.N.Y.1941, 36 F. Supp. 915, 917, affirmed sub nom. United States v. Herling, 2 Cir., 1941, 120 F.2d 236; Stone v. Christensen, D.C.Or.1940, 36 F.Supp. 739, 741-742.

The Court therefore finds the defendant guilty of knowingly failing and neglecting to register under the Selective Service Act of 1948 as charged in the indictment.