232 P.2d 968

**POFFENROTH et al. v. CULINARY
WORKERS UNION LOCAL
NO. 328 et al.**

No. 7695.

Supreme Court of Idaho.

June 27, 1951.

Dale Austin, Wallace, R. Max Etter, Spokane, Wash., for appellants.

W. L. Tuson, Kellogg, H. J. Hull & Sons, Wallace, for respondents.

GIVENS, Chief Justice.

Respondent Poffenroth owns and operates a boarding house in Wallace. The other respondents are his employees.

Appellants are a labor union of employees in restaurants and public refreshment establishments and its president and secretary, respectively. The union picketed respondent's boarding house as part of its attempt to persuade the employees thereof to join appellant Union.

Respondents secured a temporary injunction and show cause order to prevent such picketing. The complaint stated a cause of action under and in compliance with Section 44-712, I.C., alleging none of respondent Poffenroth's employees are members of appellant Union and that appellant Union has not been authorized by any of said employees to represent them; thus no labor dispute as defined by said statute was involved and the inhibiting provisions of Sections 44-703 and 44-706, I.C., did not apply.

Appellants make no contention that the president and secretary of appellant Union are employees of respondent Poffenroth, but resisted the injunction on the ground that Section 44-712, I.C., is unconstitutional as denying a minority group, i. e., less than 50% of the employees of an employer, their constitutional rights. The authorities cited by appellants in their brief and their position are crystal clear to the effect their attack upon the constitutionality of the statute is because of the minority or majority provision of the statute, thus: " * * * The courts, however, have in each instance declared unconstitutional those statutes which have acted to deprive a minority of rights granted or accorded to the majority of individuals engaged in a bona fide dispute or having a grievance or dispute with an employer."

■ None of respondent Poffenroth's employees are joined or join with appellants in resisting the issuance of the injunction and none of the employees of respondent Poffenroth are urging the Section of the statute is unconstitutional. Therefore, appellants are not claiming anything as minority employees, merely as a labor union entirely disconnected from respondents—thus not within the orbit of the statute in any particular. They merely project a contingency not in existence, and whatever may be the effect of the statute in the future on supposititious cases not now in the record, a person not adversely or injuriously affected by a statute may not challenge it. Here appellants, not being employees of any kind, are not minority employees; hence, may not challenge the statute as discriminating against minority employees. Williams v. Baldridge, 48 Idaho 618, at page 626, 284 P. 203; In re Allmon, 50 Idaho 223, at page 225, 294 P. 528; In re Brainard, 55 Idaho 153, at page 159, 39 P.2d 769; Twin Falls Canal Co. v. Huff, 58 Idaho 587, at page 592, 76 P.2d 923; Albrethsen v. State, 60 Idaho 715, at page 718, 96 P.2d 437.

■ One must be in a class against whom claimed discrimination operates to show aggrievement or question a statute. State v. Trantham, 230 N.C. 641, 55 S.E.2d 198, at page 200:

" 'Courts never anticipate a question of constitutional law before the necessity of deciding it arises.' Virginia Carolina Chemical Co. v. Turner, 190 N.C. 471, 130 S.E. 154. They will not listen to an objection made to the constitutionality of an ordinance by a party whose rights it does not affect and who therefore has no interest in defeating it." Cases.

"It is not sufficient to show discrimination. It must appear that the alleged discriminatory provisions operate to the hurt of the defendant or adversely affect his rights or put him to a disadvantage." Cases.

"It is a fundamental principle of constitutional law that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or about to be, applied to his disadvantage. Cases cited. It follows 'that one may not urge the unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the constitution.'" Tooz v. State, N.D., 38 N.W.2d 285, at page 290;

Reeves v. Philadelphia Suburban Water Co., 288 Pa. 418, 136 A. 526; United States v. Allbaugh, D.C. 83 F.Supp. 109, at page 117; United States v. Richter, D.C., 83 F.Supp. 986, at page 987.

" * * * In the matter of asserting constitutional rights touching discrimination, only someone who shows himself injured may complain; he cannot *champion others who do not choose to complain.*" (Emphasis ours.) Cook v. Davis, 5 Cir., 178 F.2d 595, at page 599;

"* * * On this basis (as herein), the statutory classification of persons made liable is claimed to be arbitrary, discriminatory, and unrelated to any substantial distinctions germane to the purpose of the law, and hence a denial of equal protection of the laws." Ventura County v. Southern California Edison Co., 85 Cal. App.2d 529, 193 P.2d 512, at page 518.

"Appellant's position may not be sustained. It is a firmly established principle of law that one may not urge the unconstitutionality of a statute unless his rights are adversely affected thereby. 16 C.J.S., Constitutional Law, § 76. Under this rule, appellant would appear to have no standing to make the present contention, for its rights are in no way adversely affected nor discriminatorily prejudiced by section 3 of the Fire Liability Law. * * *" Ventura County v. Southern California Edison Co., supra.

Griffiths v. State, 28 Wash.2d 493, 183 P.2d 821, at page 825; Finnegan v. Royal Realty Co, Cal.App., 204 P.2d 661, at page 679; California State Automobile Ass'n v. Downey, 96 Cal.App.2d 876, 216 P.2d 882, at page 901.

Such rule has been announced and adhered to in somewhat analogous cases. International Workers Order v. McGrath, 86 U.S.App.D.C. 287, 182 F.2d 368, at page 372; Allbaugh v. United States, 8 Cir., 184 F.2d 109, at page 115.

Appellants not having shown how the statute endangers any right they have, may not question its constitutionality.

"* * * Appellant, in the case at bar, did not allege what *legal* right he enjoyed, if any, as either a citizen or taxpayer, was 'threatened or endangered'. He alleged simply he was a citizen and taxpayer, that he was opposed to gambling, and that the enforcement of the anti-gambling statute against licensed slot machine operators was 'a matter of grave public concern and moment.' But, again, appellant did not allege in what respect, if any, the alleged failure to enforce the anti-gambling statutes against licensed slot machine operators, 'threatened or endangered' any *personal, legal* right he possessed." Thomas v. Riggs, 67 Idaho 223, at page 227, 175 P.2d 404, 406.

Followed with specific approval in Chovanak v. Matthews, 120 Mont. 520, 188 P.2d 582, at page 586.

"Appellant insists that chapter 64, Laws of 1929, and other laws of the state, to which said act is amendatory, cannot be enforced or applied alike to all banking institutions in the assessment and taxation of their property and stock, without an unfair and unjust discrimination against some state banking corporations and their stockholders and in favor of others and their stockholders.

"This argument is based solely upon certain alleged discriminations against cer-

416

tain other banks in the state, other than appellant, and finds its basis in the assessments of such banks, which were received in evidence. Appellant is without standing in this court to raise this question, because the record does not disclose that it belongs to the class discriminated against." Cases. Bank of Miles City v. Custer County, 93 Mont. 291, 19 P.2d 885, at page 892;

Salt Creek Transp. Co. v. Public Service Commission of Wyoming, 37 Wyo. 488, 263 P. 621, at page 623; State ex rel. Voiles v. Johnson County High School, 43 Wyo. 494, 5 P.2d 255, at page 259.

This disposition of the case renders it unnecessary to discuss any other questions raised. Judgment is affirmed. Costs awarded to respondents.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.