## Sofranko v. Ridley Township Zoning Board of Adjustment

*C. Norwood Wherry,* for appellants.

*R. Paul Lessy,* for zoning board of adjustment.

*Walter T. ReDavid,* for intervenor.

SWENEY, P. J., April 10, 1964.—This is an appeal by property owners from an order of the Zoning Board of Adjustment of Ridley Township granting a variance to Albani and Son, Inc., contractors and developers, and permitting the erection of a 204 dwelling unit apartment complex in a district zoned "A" residential.

The parties requested additional testimony and, as a consequence, the court is required to proceed de novo. We find the following facts:

1. On May 6, 1963, Albani and Son, Inc., "Contractor" applied for a building permit to erect six apartment buildings containing 102 dwelling units upon premises known as Nos. 640-652 South Avenue, Ridley Township, Delaware County, Pa., which was marked "approved" by the township building committee.

2. On the same date, Albani and Son, Inc., took an appeal to the Ridley Township Zoning Board of Adjustment, alleging that a building permit had been denied.

3. On June 24, 1963, a hearing was conducted by said zoning board, at which hearing about 200 citizens appeared to protest said application.

4. On July 5, 1963, said zoning board issued its opinion and order granting a variance to permit the erection of a 204 dwelling unit apartment building complex.

5. The area in which such complex was to be erected, is zoned "A" Residential; under the ordinance zoning said township, an apartment building complex is prohibited.

6. On July 12, 1963, appellant herein took the appeal that is now before us for determination.

7. Despite the pending appeal, Albani and Son, Inc., started construction of said units and have completed the construction of and rented, many of the units.

8. On August 21, 1963, the Commissioners of Ridley Township passed an ordinance, amending the zoning ordinance of the township, by which amendment the property here in question has been rezoned for apartment use, along with other lots or pieces of land in various parts of the township; this amended ordinance was appealed by a group of resident tax payers

to the Court of Quarter Sessions of Delaware County on August 30, 1963 [In Re Appeal from Ordinance No. 1190, Township of Ridley, Misc. Docket A-28, page 95, September Sessions, 1963] which said appeal has not been determined as of this date; security has been posted in this case and is a supersedeas.

9. On July 17, 1963, Albani and Son, Inc., appeared as an intervenor, by leave of court. On September 24, 1963, a hearing was held, upon request of intervenor for additional testimony. As a result of this hearing, it is incumbent upon the court to review the entire record and to decide this matter de novo.

10. The plot of land in question contains 395′ on South Avenue, 725′ upon the easterly line and 558′ along the westerly line, of a total area of approximately 5 acres.

The questions involved in this case are:

1. Does the rezoning of this district render this appeal moot?

2. Does a contractor-developer have standing to take an appeal to the zoning board of adjustment from the refusal of the township building committee to grant a building permit?

3. Does a contractor-developer have standing to intervene after an appeal by taxpayers to the court of common pleas?

4. Was the contractor-developer entitled to a variance?

5. Is the zoning ordinance constitutional as applied to the property in question?

As to the proposition as to whether this appeal is moot, due to the redistricting of the land in question from single house use to apartment use, we cannot agree with the contention of the township solicitor. He draws our attention to Smith v. Zoning Board, 407 Pa. 122, and other authorities dealing with the proposition that an appeal should be dismissed, where the

questions sought to be raised thereby are purely academic or moot. Conceding this to be the law, we are not persuaded that the questions raised by the appeal are moot. Likewise, it may well be that if it is determined that an amendatory zoning ordinance is valid, the intervenor would be entitled to a permit as a matter of right. However, here, the questions before us are the validity of a variance and the constitutionality of the zoning ordinance at the time the permit was issued; the amendatory ordinance is not yet in effect, being presently on appeal and undetermined in the quarter sessions court of this county.

It is apparent that the Commissioners of Ridley Township have recognized that the apartment use, requested for the subject tract, is in accordance with the comprehensive zoning plan of the township. Nevertheless, the township's decision is not determinative of the constitutionality of the ordinance at the time of this appeal. We are here deciding the sole question of the constitutionality of the "A" Residential classification as it applied to the subject property at the time of the appeal. The question of the constitutionality of the amendatory ordinance must be decided upon the facts and circumstances that existed when that appeal was taken.

Ordinances changing the classification of land from "A" Residential to "B" Residential may be constitutionally justified where the granting of a variance would be impossible. These classifications are not necessarily mutually exclusive. What is the proper classification of a given tract within the overall scene of the township planning or zoning is for the appropriate legislative body. The fact that the township classifies a tract so that apartments may be built does not demand the conclusion that such action is arbitrary, capricious or unreasonable, if they had determined to classify said tract for a higher or lower use: Bilbar

Construction Co. v. East Town Township Board of Adjustment, 393 Pa. 62, 72-73.

As to whether the contractor-developer has standing to take an appeal from the refusal of the building committee to issue a permit to the board of adjustment and the right to intervene as a party in the common pleas court, the legal answer is the same in both cases.

The Act of June 24, 1931, P. L. 1206, art. XXXI, sec. 3107, 53 PS 58107(d), as amended, provides:

"Appeals to the Board of Adjustment may be taken by any person aggrieved. . . ."

Subsection (i) provides:

"Any person aggrieved by any decision of the Board of Adjustment or any taxpayer . . . may . . . appeal to the Court of Common Pleas of the County. . . ."

From this clear wording of the statute, we conclude that an "aggrieved person" is one who has been deprived of his request and this is so even if the request is not based upon the law. It does not require a showing of unnecessary hardship or ownership of property or any relationship to specific property to have standing to appeal.

There is no case in Pennsylvania which holds that a contractor or a developer of land is an "aggrieved person." But a tenant has been held to be an "aggrieved person": Richman v. Zoning Board of Adjustment, 391 Pa. 254, 258-9; Nicholson v. Zoning Board of Adjustment, 392 Pa. 278; Poster Advertising Co. v. Zoning Board of Adjustment, 408 Pa. 248.

The question is what position, if any, with respect to the land in question, must the applicant occupy in order to give him standing to apply for a variance or exception? A contractor has no relationship with the land. His status must come from his relationship with the owners of the land. No doubt the words "aggrieved person" were employed to limit those who have a right to appeal. Alton Park Homeowner's Group v. Zoning

Board of Adjustment, 25 Lehigh 474, holds, "We doubt very much that there is any 'Group' which would be aggrieved by the order of the Board, although members of the group might be so aggrieved."

Although Pennsylvania has not passed on this particular question, other States have treated this proposition. An aggrieved person is one directly affected by the action of an administrative official or board charged with enforcement of the zoning ordinances: Fidelity Trust Co. v. Downing, 224 Ind. 457, 68 N. E. 2d 789. One whose application for a permit is refused is "aggrieved" within the meaning of a zoning ordinance and though he may not be entitled to any relief, he may, by appeal, challenge the action of the municipal authority: Smith v. Selligman, 270 Ky. 69, 109 S. W. 2d 14. This makes sense to us; there is so much confusion in zoning opinions that it may well be that all courts can unite in agreeing that the expression "aggrieved person" shall be liberally construed, whether applicable to an individual or a group.

The meat of this case is whether the contractor-developer is entitled to a variance and/or whether the original ordinance is constitutional. Our answer is that a variance is not indicated and the ordinance is constitutional.

It is well established that a variance should be granted only where it is not contrary to the public interest and where the property involved is subjected to an unnecessary hardship unique or peculiar to itself and not to general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance: Crafton Borough Appeal, 409 Pa. 82, 86.

In the case at bar, there is not a shred of evidence that there is unnecessary hardship. The contractor-developer does not mention it in his argument or brief but limits his whole argument to the lack of constitutionality of the zoning ordinance which classifies this

land as residential and thus prohibiting the building of apartments. An examination of the record discloses that the request for a variance is based upon the expectation that the property will be productive of greater financial gain if used for apartments. This is "economic hardship" which time and time again has been held not to constitute "unnecessary hardship": Crafton Borough Appeal, supra; Cooper v. Board of Adjustment, 412 Pa. 429. It follows that a variance must be refused.

Finally, is the zoning ordinance constitutional as applied to the subject property? The test of constitutionality is met when the legislation is necessary for the preservation of public health, safety, morals or general welfare and is not discriminatory, arbitrary, unreasonable, or confiscatory in its application to the particular property under consideration: Garbev Zoning Case, 385 Pa. 328.

The record shows that the subject property is bounded on the south by Our Lady of Fatima Church, on the north and west by detached homes and on the east by Muckinapates Creek, on the other side of which, in Darby Township, there are row houses. The subject property of about 5 acres, is made up of 2 parcels; each, at the time of the last purchase, had erected thereon detached homes, one in use as a single home and the other converted into a multiple family dwelling, apparently as a nonconforming use.

Appellee applicants argue that the ordinance is unconstitutional in its application to the subject property because of the proximity of other apartment units in the immediate area. We feel, after reading the record and viewing the neighborhood that the other apartment units are remote; that the subject property is completely surrounded by single family dwellings. If we were to declare the ordinance unconstitutional, the responsible legislative authority would never know

where to draw the line. At some point a certain classification must start and another stop. The record does not disclose that the legislative decision was unwarranted. The function of this court is not to zone Ridley Township; such right is vested in the commissioners, with leave to the board of adjustment to grant variances or special exceptions. The function of the court, in any case, is to determine whether the rights of individuals have been unreasonably violated: Bilbar Construction Co. v. East Town Township Board of Adjustment, supra. We are not prepared to say that land employed for years for residential use by detached homes and completely surrounded by residences takes on a new complexion merely because of change of ownership, with full knowledge of existing zoning regulations.

### Decree Nisi

And now, April 10, 1964, it is ordered and decreed that:

(a) The appeal herein filed is sustained;

(b) The action of the Board of Adjustment of Ridley Township in granting a variance in this case is reversed;

(c) The intervenor and the owner of said properties are restrained and enjoined from using the buildings erected on premises commonly known as Nos. 640-652 South Avenue, Ridley Township, Delaware County, Pa., for apartment purposes;

(d) The costs of this case shall be paid by the intervenor, Albani and Son.

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the above decree nisi and if no exceptions be filed thereto within 20 days after the service of such notice to enter upon praecipe the said decree nisi as a final decree.

OPINION SUR EXCEPTIONS

SWENEY, P. J., August 27, 1964.—The hearing judge entered a decree nisi in the above case, to which exceptions were filed by Albani and Sons, the builder, intervenor. These exceptions have been argued before the court en banc upon written briefs and the matter is ready for disposition.

The intervenor's first two exceptions were taken to the hearing judge's first and seventh findings of fact. Those exceptions are dismissed as we find that these facts are in keeping with the credible testimony. By the same token, we dismiss the next eleven exceptions to the failure of the hearing judge to find as requested by intervenor, since the facts requested to be found are not sustained by credible testimony.

We dismiss exceptions 14, 15 and 16 aimed at the failure of the hearing judge to adopt requested conclusions of law 2, 3 and 4; we also dismiss exceptions 17, 18, 19 and 20 as to the conclusions of law adopted by the judge. The requested conclusions are not in conformity with the law in this case, and the conclusions of law as found, are. We also dismiss the exception to the decree nisi.

This case was fully discussed by the hearing judge and we need not labor the matter further. We adopt the hearing judge's findings of fact and conclusions of law as our own. One question was raised by the plaintiff's attorney, which needs answering; he argues that it is axiomatic in applying constitutional law that a court will not listen to an objection to the constitutionality of an act by a party whose rights the act does not affect. Clearly, this is the law. The general rule is that one who is not interested in the subject matter of a statute, or who has not been adversely affected by the actual operation of a statute, cannot attack its provisions: Reaves v. Philadelphia Suburban Water Company, 288 Pa. 418, 420; Kistler

v. Swarthmore Borough, 134 Pa. Superior Ct. 287, 293; Commonwealth v. Loftus, 292 Pa. 395, 397; and Knowles Estate, 295 Pa. 571.

In the case at bar, Albani and Sons have intervened and we have held that they are a party in interest, since they are the building contractors and have an interest in the permit to build which was issued to them by Ridley Township. It may well be that, as builders, they may not have the right to question the constitutionality of a zoning ordinance, but this seems to us to be beside the point as we have decided this case on the broad basis of the application of the zoning ordinance to the real estate involved.

*Decree*

And now, August 27, 1964, it is ordered and decreed that:

(a) the appeal herein filed is sustained;

(b) the action of the Board of Adjustment of Ridley Township in granting a variance in this case is reversed;

(c) the intervenor and the owner of said properties are restrained and enjoined from using the buildings erected on premises commonly known as nos. 640-652 South Avenue, Ridley Township, Delaware County, Pa., for apartment purposes;

(d) the costs of this case shall be paid by the intervenor, Albani and Son.

An exception is noted for the intervenor.