759 P.2d 903

**Tony POTTER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 16969.**

Court of Appeals of Idaho.

Feb. 17, 1988.

Tony Potter, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for respondent.

PER CURIAM.

Larry Gene Potter, also known as Tony Potter, was found guilty of two counts of robbery and two counts of the use of a firearm in the commission of a felony. Potter was sentenced to two concurrent, indeterminate life terms for the robberies, and is presently incarcerated at the Idaho State Correctional Institution. He filed a petition for a writ of habeas corpus on November 7, 1986. The petition was denied by a magistrate, for the reason that it raised the same issues of law as were raised in an appeal which Potter had taken from his judgment of conviction. The magistrate's decision was appealed to the district court where it was affirmed. Potter then brought this appeal.

■ Potter raises two issues. The first is that he was not competent at the time of his original trial. The second issue is that Potter was deprived, by operation of I.C. §§ 18–207 and 18–310, of a federal constitutional right to present an insanity defense. Both the magistrate and the district judge held that the first issue, Potter's mental capacity at trial, had been presented and decided on Potter's direct appeal. We agree. *See State v. Potter,* 109 Idaho 967, 712 P.2d 668, (Ct.App.1985). A writ of habeas corpus cannot be used to relitigate the issues raised and decided on appeal. *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955 (1981); *Hernandez v. State,* 100 Idaho 581, 602 P.2d 539 (1979); *Kraft v. State,* 100 Idaho 671, 603 P.2d 1005 (1979).

■ Potter's second issue stems from refusal by the court, during the robbery trial, to allow Potter to present an insanity defense. In Potter's direct appeal we held that the trial court did not err on this point. *State v. Potter,* 109 Idaho 967, 712 P.2d 668 (Ct.App.1985). We cited I.C. § 18–207 which has eliminated mental condition as a defense but which does not prevent a defendant from presenting relevant evidence "on the issues of mens rea or any state of mind which is an element of the offense...." Potter now makes a constitutional challenge to the operation of I.C. § 18–207, asserting that it deprived him of his federal constitutional rights under the eighth and fourteenth amendments. This argument was rejected by the magistrate and the district judge.

The constitutionality of I.C. § 18–207, as amended in 1982, has been upheld in the case of *State v. Beam,* 109 Idaho 616, 710 P.2d 526 (1985). As amended, I.C. § 18–207 still allows a defendant to present evidence of mental condition in an attempt to negate criminal intent. Potter has not established here either that he was denied an opportunity to present such evidence or that he offered such evidence and had it ruled inadmissible by the trial court. Thus, he has made no showing that the statute was unconstitutionally applied to him.

■ The final element of Potter's argument is the allegation of an unconstitutional application of I.C. § 18–310. Potter has, however, failed to support this allegation with any explanation or argument of how the statute is applicable to his case. Section 18–310 provides for the effect of imprisonment on civil rights and offices. A person questioning the constitutionality of a statute must establish how the statute is being applied to his disadvantage. *See State v. Clark,* 88 Idaho 365, 399 P.2d 955 (1965); *Poffenroth v. Culinary Workers Union Local No. 328,* 71 Idaho 412, 232 P.2d 968 (1951). Potter has failed to make this showing.

The decision of the district court, upholding the magistrate's order denying and dismissing Potter's petition, is affirmed.