394 P.2d 300

**Ted LaVOIE, d/b/a Fritz's Corner,
Plaintiff-Respondent,**

v.

**COMMISSIONER OF LAW ENFORCE-
MENT of the State of Idaho,
Defendant-Appellant.**

No. 9466.

Supreme Court of Idaho.

July 28, 1964.

Allan G. Shepard, Atty. Gen., and Thomas
G. Nelson, Asst. Atty. Gen., Boise, for ap-
pellant.

James T. Knudson, Coeur d'Alene, for respondent.

TAYLOR, Justice.

At the time here involved plaintiff (respondent) was engaged in the retail sale of beer under the name of "Fritz's Corner" in Coeur d'Alene, under authority of Idaho State Retail Beer License No. 1737. August 30, 1963, plaintiff was served with "Notice of Intention to Suspend," issued by defendant (appellant) State Commissioner of Law Enforcement. The notice informed plaintiff that the commissioner had determined that plaintiff had violated the provisions of I.C. § 23–1013 on the 26th day of July, 1963, in that he had sold beer to one Moffatt, who was under the age of 20 years, and of the commissioner's intention to suspend plaintiff's license for a period of 30 days. Plaintiff filed a petition in the district court denying the violation charged, and alleged that when Moffatt entered plaintiff's place of business he was asked to pro-

duce evidence that he was at least 20 years of age; that Moffatt produced five instruments or photocopies establishing his age to be in excess of 20 years; and that plaintiff did not knowingly or intentionally violate the provisions of I.C. § 23–1013, nor did he have reasonable cause to doubt Moffatt was 20 or more years of age.

Pursuant to order to show cause, defendant answered, alleging the existence of sufficient cause for the suspension of plaintiff's license in that plaintiff did not require Moffatt to present an Idaho identification card issued under I.C., title 23, chap. 12, as required by regulation 7–B made by the commissioner under date of January 15, 1962.

After hearing, the court found that before being allowed to enter plaintiff's place of business Moffatt was required to present identification evidencing himself to be at least 20 years of age; that Moffatt presented a certificate of birth and an identification card establishing his age to be 21 years, "which said documents were not obviously false or fraudulent on their face"; that Moffatt was in fact 18 years of age; and that the instruments evidencing his age to be 21 years were falsified and fraudulent; that plaintiff, through his employee, sold to Moffatt a quantity of beer; and that Moffatt was not asked to, nor did he, present as proof of age an Idaho identification card as required by regulation 7–B.

From such findings the court concluded:

"That upon presentation to the Petitioner by Ronald D. Moffatt, of identification which was not on its face false or fraudulent, the said Ronald D. Moffatt was no longer a person of 'doubtful age' which is a condition in Regulation 7–B precedent to the requirement for presentation and display of an Idaho Identification Card issued under Title 23, Chapter 12 of the Idaho Code."

The court further concluded that plaintiff had not violated I.C. § 23–1013 and that the determination of the commissioner to suspend plaintiff's license should be vacated.

Judgment was entered accordingly and the commissioner brought this appeal.

The applicable statutory law is as follows:

"It shall be unlawful for any person to sell, serve or dispense beer to or by any person under twenty years of age." I.C. § 23–1013.

"Whenever any person licensed to sell beer, his agent or employee, shall have reasonable cause to doubt that any person who attempts to purchase or otherwise procure beer from or through such retail licensee, his agent or employee, is twenty or more years of age, such retail licensee, his agent or employee, shall require such person to execute a certificate that he or she is twenty or more years of age, and to exhibit acceptable proof of age and iden-

·tity. The form of such certificate, the manner in which it shall be executed, the record to be kept thereof, the responsibility of the retail licensee, his agent or employee, with respect to the execution of said certificate, and a determination of which shall constitute acceptable proof of age and identity, shall be in accordance with such regulations as the commissioner of law enforcement shall prescribe relating thereto." I.C. § 23–1025.

" * * * if the commissioner shall determine that any such licensee has violated any of the provisions of this act or any regulation of the commissioner promulgated under the authority of this act, the commissioner may, in his discretion, and in addition to any other penalty imposed, determine to revoke the license of any such licensee, to suspend the same for a period not in excess of six months, or to refuse to grant a renewal of such license after the date of its expiration." I.C. § 23–1037.

Regulation 7–B as promulgated by the commissioner provides:

"Every licensee, licensed under the provisions of Title 23, Chapter 10, Idaho Code, his agents, and/or employees, shall require all persons of doubtful age, in respect to his or her legal ability to procure or purchase alcoholic beverages, to present and display an official identification card, as provided for and made available through the provisions of Chapter 203, 1961 Idaho Session Laws, and more specifically, Idaho Code 23–1201 through Idaho Code 23–1207. It is further provided, that such means of determining age and identity of persons of doubtful age shall be exclusive of any and all other means or methods of determining such, and any other means or methods used by the licensee, his agents, and/or employees, in making such determination other than the hereinbefore mentioned official identification card provided by law, shall constitute no legal excuse for the sale, serving or dispensing of alcoholic beverages to any person under legal age."

"All persons attaining the age of twenty (20) years may apply to the county sheriff of the county in which the applicant resides for an identification card which shall prima facie establish that the applicant has reached the age of twenty (20) years." I.C. § 23–1201.

Idaho Code §§ 23–1202, 23–1203 and 23–1204, prescribe the procedure and conditions for the issuance of the identification card and imply that the card is to be issued by the department of liquor law enforcement,

a division of the department of law enforcement.

The commissioner contends that the court erred in concluding that Moffatt "was no longer a person of 'doubtful age'" upon presentation by him of identification, which was not false or fraudulent on its face, and that regulation 7–B, requiring presentation of Idaho Identification Card, was not applicable. The commissioner urges that by requiring Moffatt to produce identification and proof of his age, plaintiff admitted and established that he and his employees had "reasonable cause to doubt" that Moffatt was 20 or more years of age, and, therefore, that the exclusive and only means of identification and establishment of his legal ability to purchase beer was by presentation of an official identification card.

It is admitted that a sale proscribed by I.C. § 23–1013 was made by plaintiff; that is, a sale of beer was made to Moffatt, and Moffatt at the time was less than 20 years of age. Idaho Code § 23–1025 provides the retail licensee with a defense for such a violation when he has "reasonable cause to doubt" the age qualification of the purchaser. By compliance with the requirements of that section he may make the sale. Without compliance he acts at his peril. Here plaintiff required Moffatt to exhibit proof of age and identity, but not "acceptable" proof. He did not require presentation of the official identification card in accord with regulation 7–B prescribed by the commissioner of law enforcement as the "exclusive means of determining age and identity of persons of doubtful age."

The construction of the statute and regulation urged by plaintiff is untenable. To conclude that upon presentation of proof of age and identity, satisfactory to the licensee—i. e. "not false or fraudulent on its face"—the licensee no longer has "reasonable cause to doubt" the legal age of the purchaser, or that the purchaser is no longer a person of "doubtful age," would give to the licensee the authority to determine "what shall constitute acceptable proof of age and identity." To the contrary, the statute (I.C. § 23–1025) expressly gives that authority to the commissioner.

Neither can we hold that the commissioner's regulation 7–B is arbitrary or unreasonable. The form of the official identification card, the procedure for obtaining it, and its efficacy, is provided by the legislature. The adoption by the commissioner of the official card thus provided for, as the exclusive "acceptable" means of determining age and identity, is in harmony with the purpose of the legislature in providing for its issuance and in prescribing its legal effect. The regulation is valid and enforceable. State v. Heitz, 72 Idaho 107, 238 P.2d 439 (1951).

The judgment is reversed and the cause is remanded, with direction to reinstate the determination made by the commissioner.

No costs allowed.

McFADDEN and SMITH, JJ., and TOWLES, D. J., concur.

McQUADE, Justice (dissenting).

The authority delegated by the legislature to the commissioner of law enforcement as against the rule which was adopted thereunder is the area within which I disagree with the conclusion reached by the majority.

Delegation of rule-making authority to an administrative officer within statutory limitations was approved in State v. Heitz, 72 Idaho 107, 238 P.2d 439 (1951). Therein this court said:

> "That the legislature may delegate its authority to make findings of fact, and within limitations set by the legislature, promulgate rules and regulations for the use of the highways, and limitation of load weights on highways prescribed by those authorized by the legislature so to do has been upheld and enforced in practically unanimous decisions of all courts."

In the case before us the legislature provided for the delegation of rule-making authority in I.C. § 23–1025.

> "Certificate as to age—Execution in cases of doubt—Form.—Whenever any person licensed to sell beer, his agent or employee, shall have reasonable cause to doubt that any person who attempts to purchase or otherwise procure beer from or through such retail licensee, his agent or employee, is twenty or more years of age, such retail licensee, his agent or employee, *shall require such person to execute a certificate that he or she is twenty or more years of age, and to exhibit acceptable proof of age and identity.* The form of such certificate, the manner in which it shall be executed, the record to be kept thereof, the responsibility of the retail licensee, his agent or employee, with respect to the execution of said certificate, and a determination of what shall constitute acceptable proof of age and identity, shall be in accordance with such regulations as the commissioner of law enforcement shall prescribe relating thereto."   (Emphasis supplied)

In adopting Regulation 7–B, the commissioner of law enforcement promulgated the following regulation:

> "Every licensee, licensed under the provisions of Title 23, Chapter 10, Idaho Code, his agents, and/or employees, shall require all persons of doubtful age, in respect to his or her legal ability to procure or purchase alcoholic beverages, to present and display an official identification card, as

provided for and made available through the provisions of Chapter 203, 1961 Idaho Session Laws, and more specifically, Idaho Code 23–1201 through Idaho Code 23–1207. It is further provided, that such means of determining age and identity of persons of doubtful age *shall be exclusive of any and all other means or methods of determining such, and any other means* or methods used by the licensee, his agents, and/or employees, in making such determination other than the hereinbefore mentioned official identification card provided by law, *shall constitute no legal excuse for the sale, serving or dispensing of alcoholic beverages to any person under legal age."* (Emphasis supplied)

Paraphrased, the objectionable language of Regulation 7–B reads as follows:

" * * * shall be exclusive of any and all other means or methods of determining such, and any other means * * * shall constitute no legal excuse for the sale, serving or dispensing of alcoholic beverages to any person under legal age."

The statute authorized the commissioner of law enforcement to provide such regulations as would constitute acceptable proof of age and identity. In Regulation 7–B the commissioner did not provide for acceptable proof of identity but established an exclusive method which was to be provided by the commissioner of law enforcement as a means of determining the age of a doubtful person. In addition to such singular method of determining age, which allowed no discretion on the part of the licensee or his agents, the commissioner adopted a provision that any other means of acceptable proof would not provide "legal excuse" for the sale of alcoholic beverages to any person under legal age. I.C. § 23–1025 does not confer such regulatory powers upon the commissioner of law enforcement and the adoption of Regulation 7–B is void in that it is arbitrary and capricious in that he has no statutory grant of authority for the, promulgation of such regulation.

The legislature did not authorize establishment by the commissioner of law enforcement a rule creating legal conclusions pertaining to violations of the general law prohibiting sale of alcoholic beverages to minors. Making of such a rule rests with the legislature. Such authority most certainly may not be delegated by the legislature to an administrative agency.

"Reasonable Exercise of Discretion and Arbitrary Power Distinguished.— In all cases where a law provides for the exercise of discretion by administrative officers, in order to be valid and escape the taint of unconstitutional exercise of legislative or judicial authority, the discretion must be lawfully ex-

ercised in accordance with established principles of justice. It cannot be a mere arbitrary choice, for it has been said that in the American system of government no room is left for the play and action of purely arbitrary power. A distinction is consequently drawn between a delegation of the power to make the law which necessarily includes a discretion as to what it shall be and the conferring of authority or discretion as to its execution. The first cannot be done, but the second under certain circumstances is permissible." 11 Am.Jur., Constitutional Law, § 234, p. 947.