418 P.2d 552

**BOJACK'S, INC., Plaintiff-Respondent,**

v.

**DEPARTMENT OF LAW ENFORCEMENT,**
State of Idaho, Defendant-Appellant.
No. 9734.

Supreme Court of Idaho.

Sept. 21, 1966.

Rehearing Denied Oct. 18, 1966.

Allan G. Shepard, Atty. Gen., and James E. Scanlan, Asst. Atty. Gen., Boise, for appellant.

Paul C. Keeton, Lewiston, for respondent.

TAYLOR, Justice.

Bojack's, Inc. (respondent) was an Idaho corporation, engaged in the operation of a bar and restaurant in Lewiston, Idaho. In the operation of its business, plaintiff dispensed beer at retail, under retail beer license number 163. In December, 1963, the commissioner of law enforcement served upon plaintiff his notice of intention to suspend plaintiff's beer license, alleging as the ground therefor that plaintiff had violated the provisions of I.C. § 23–1013 by selling or dispensing beer to Karol Forkner, a female person under the age of 20 years.

Plaintiff brought this action pursuant to I.C. § 23–1039 to contest the commissioner's determination to suspend its license. After trial, the district court made and entered findings of fact, conclusions of law, and judgment enjoining the commissioner from suspending or revoking plaintiff's beer license. The commissioner brought this appeal from the judgment.

The facts are not in dispute. On October 19, 1963, plaintiff, through an employee, sold beer to Karol Forkner, who at that time was 18 years of age. She was not a resident of Idaho, but was a resident of Clarkston, Asotin County, Washington. She had patronized plaintiff's bar in Lewiston on several occasions prior to October 19, 1963. On three such occasions she had been questioned as to her age. In response to these inquiries she had advised Mr. Lott, plaintiff's president, and also had advised a bartender that she was a resident of Van-

couver, British Columbia, and was visiting in the United States. On such occasions she produced and exhibited a Canadian birth certificate and documents connected with Canadian unemployment compensation. She introduced herself as Pat Craig. The birth certificate, issued by the province of British Columbia, Canada, dated January 8, 1960, recorded the birth of one Patricia Anne Gwynne-Craig, born June 19, 1940.

The trial court found that the birth certificate was in all respects regular on its face and there was nothing that would put plaintiff or its employees on notice that it was false, or to believe that Karol Forkner was not actually the Canadian citizen and resident she claimed to be. The court also found that there was nothing in the appearance of Karol Forkner which would lead plaintiff or its employees to believe that she was not over 20 years of age.

In LaVoie v. Commissioner of Law Enforcement, 87 Idaho 536, 394 P.2d 300 (1964), we were concerned with a sale of beer by a licensee to a purchaser under 20 years of age, in reliance upon instruments exhibited by the purchaser which represented his age to be in excess of 20 years.

The applicable provisions of the statute and regulation 7-B, promulgated by the commissioner of law enforcement, were quoted at length in that decision, and will not be repeated here. We held in that case that the licensee could not sell beer to a resident of this state whose age qualification was doubtful, without demanding from, and having produced by, the prospective purchaser, an identification card required by regulation 7-B, except at the licensee's peril. That decision was based upon the proposition that regulation 7-B, promulgated by the commissioner under authority of I.C. § 23–1025 and §§ 23–1201 through 23–1207, established the official identification card as the exclusive means of determining the qualification of a resident of this state, of doubtful age, to buy beer.

■ The trial court in this case held that regulation 7-B and the statutory provisions authorizing it, apply only to residents of this state. With this we agree. Idaho Code § 23–1201 in part provides:

"All persons attaining the age of twenty (20) years may apply to the county sheriff of the county in which the applicant resides for an identification card * * *."

This statute recognizes all such applicants as residents of the state, and does not contemplate the issuance of such cards to nonresidents. Assuming, as the commissioner contends, that a county sheriff would entertain an application by, and the department would issue an identification card to, a nonresident, the statute does not make it the duty of the sheriff or the department to do so. Moreover, the contents of such an application as provided for by § 23–1202, including copy of birth certificate and photograph of the applicant, the forwarding of the application to the department in Boise, and the processing of the application and issuance of the card, all contemplate a lapse of time, which would preclude the issuance of such a card to a tourist or other nonresident temporarily visiting in the state.

■ Other than the provisions of I.C. § 23–1025, the legislature has made no provision for the issuance of such an identification card to a nonresident of the state, and the commissioner has made no regulation under the authority of that section applicable to nonresidents. As to the nonresident of doubtful age, the licensee is governed by the provision of I.C. § 23–1025 that "such retail licensee, his agent or employee, shall require such person to execute a certificate that he or she is twenty or more years of age, and to exhibit acceptable proof of age and identity." Plaintiff complied with this requirement, and his license was not subject to suspension because of the sale of beer by his employee to Karol Forkner.

■ The commissioner contends that even in the absence of a statutory or departmental regulation peculiarly applicable

to nonresidents, he nevertheless has authority to suspend plaintiff's license because of the illegal sale to Karol Forkner. We understand this contention to mean that a retail licensee in the case of a sale to a person under twenty years of age, acts at his peril, and has no defense unless he can show that he required the purchaser to exhibit an official identification card. Such a rule of strict liability is not applicable here for two reasons. First, § 23-1025, by the provision above quoted, authorizes such a sale to a nonresident upon the exhibition of acceptable proof of age and identity. Good faith compliance with this provision protects the licensee from suspension of his license. Second, the statute providing for the suspension of a retail license, is penal in nature and will not be broadened or extended by construction to include or penalize acts or conduct not clearly within its terms. State v. Fitzpatrick, 89 Idaho 568, 407 P.2d 309 (1965).

Judgment affirmed.

No costs allowed.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.

## ON DENIAL OF PETITION FOR REHEARING

TAYLOR, Justice.

In its petition for rehearing the appellant again urges that the decision in LaVoie v. Commissioner of Law Enforcement, 87 Idaho 536, 394 P.2d 300 (1964), is controlling in this case. In support of this contention defendant calls attention to the fact that the minor to whom beer was sold in the LaVoie case was also a nonresident of this state, as appears from the testimony in that case. However, the issue as to the application of regulation 7-B to nonresidents was not raised or considered either by the trial court or by this court in the LaVoie case. Hence, that case is not in point here.

Petitioner also urges that the provision of I.C. § 23-1025, which provides that the retail licensee, in case of a purchaser of doubtful age, "shall require such person to execute a certificate that he or she is twenty or more years of age," was not complied with in this case. This contention was not made when this appeal was presented on the merits. The statute referred to provides that the form of such certificate, the manner of its execution, and what shall constitute acceptable proof of age and identity "shall be in accordance with such regulations as the commissioner of law enforcement shall prescribe." No form of certificate has been prescribed by the commissioner except the identification card provided for by regulation 7-B, and the failure of plaintiff to require Karol Forkner to exhibit the official identification card was the only ground upon which defendant proposed to revoke plaintiff's license. That means of identification we hold to be inapplicable to nonresidents.

Petition denied.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.